(No. 11542.—Judgment affirmed.)

THE MECHANICS FURNITURE COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL BOARD OF ILLINOIS *et al.* Defendants in Error.

*Opinion filed December 19, 1917.*

1. WORKMEN'S COMPENSATION—*when injury to night watchman of furniture company occurs in course of employment.* Where the night watchman of a furniture company is found dead upon the company's premises with a bullet wound received during the hours of his employment, and there is evidence sufficient to justify the Industrial Board in finding that the deceased was killed by some marauder, it must be held that the killing arose out of and in the course of the employment.

2. SAME—*child need not be dependent to recover under section 7 of Workmen's Compensation act of 1913.* It is not essential, under section 7 of the Workmen's Compensation act of 1913, to entitle a child to compensation for the father's accidental death, that the child be dependent and the father legally bound to support it.

3. SAME—*what constitutes contributing to support under section 7 of the Workmen's Compensation act of 1913.* A daughter who is of age and who has been supporting herself by domestic employment, but who within four years before his death, having been taken ill, goes to live temporarily with her father and is supported by him, is entitled to compensation under paragraph (*b*) of section 7 of the Workmen's Compensation act of 1913 in case of the accidental death of the father arising out of and in the course of his employment.

CARTWRIGHT and DUNN, JJ., dissenting.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. JAMES S. BAUME, Judge, presiding.

A. D. EARLY, and B. B. EARLY, for plaintiff in error.

ROY F. HALL, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This case comes to this court by writ of error to review a judgment of the circuit court of Winnebago county affirming an order of the Industrial Board awarding Oscar H. Ogren, administrator of the estate of August Anderson, deceased, the sum of $16.25 semi-monthly from October 18, 1914, until 192 payments have been made, of which the sum of $536.25 was found to be then due and owing. This award was ordered paid by the Mechanics Furniture Company of Rockford, Illinois, for the use of deceased's daughter, Margaret Anderson.

August Anderson was a night watchman for said furniture company, having been in its employ for about eighteen years. Shortly before six o'clock on the morning of October 18, 1914, Anderson's body, not entirely cold, was found on the furniture company's premises, near the boiler room. An examination of the body disclosed death had been instantaneous and resulted from a thirty-two caliber bullet wound. The proof showed deceased had a revolver of that caliber which he generally kept in the boiler room. This revolver was missing and was not found although a thorough search was made for it. In March following, deceased's revolver, with one chamber empty, was found under a board some sixty feet from the boiler room. The verdict of the coroner's jury was that the deceased was shot with his own pistol in the hands of some person unknown. Deceased's duties were to guard against fire, keep up steam in the boilers and keep loiterers and trespassers off the premises. Plaintiff in error's factory where deceased was

employed was situated on a triangular tract of land in the city of Rockford, the Chicago, Burlington and Quincy railroad tracks being on one side, the Illinois Central railroad tracks on another and a creek on another. Deceased's hours of duty were from the time the day force left until he was relieved by the day man, who was supposed to arrive at about 6:20 A. M. Deceased's body was found by a newsboy before that hour and before the day man had come on duty.

The deceased at the time of his death was earning $65 per month. He had no wife but left two daughters surviving him. Both were adults, one being married and living with her husband. The other daughter was twenty-two years of age at her father's death and worked as a domestic, receiving from $5 to $6 per week. The father owned a two-apartment house, living in a part and renting a part of it. In April, 1911, the unmarried daughter, Margaret, became ill with scarlet fever. She went to her father's house, where she remained in all about seven weeks, her father taking care of her and furnishing her meals. During the summer of 1914 she went to a hospital for an operation on her hand and was incapacitated for several weeks. After the operation she went to her father's house. Her married sister was then living in part of the father's house, and Margaret took part of her meals and lived partly with her sister and partly with her father. The administrator of deceased's estate being unable to agree with the plaintiff in error company with reference to a claim for compensation, application was made, under the provisions of the Workmen's Compensation act, to the Industrial Board, where the award before mentioned was made in behalf of the daughter Margaret, no claim being sought on behalf of the married daughter.

It is first insisted the proof did not show August Anderson's death resulted from an accidental injury arising out of and in the course of his employment. His body was

found in a cinder path leading from the boiler room to dry kilns of plaintiff in error and to an outside toilet room. The physician who examined the body testified death was instantaneous and that Anderson fell where he stood at the time he was shot, and that in his opinion he never moved after being shot. There were no powder marks on his clothing or skin, the wound indicating that the shot was fired from some distance. The evidence tended to show that the shot was fired from deceased's revolver, which must have been taken by the person who fired the shot from a cupboard or closet in the boiler room where deceased kept his revolver. Deceased was steadily employed at fair wages and had accumulated some property. He was not known to have a personal enemy. It was his duty to keep loiterers out of the premises. They were in the habit of going into the plant of plaintiff in error to get warm during the night. We cannot say that the Industrial Board was not warranted in determining that the reasonable inference to be drawn from the testimony was that some marauder who was suddenly surprised at meeting the night watchman killed him because he was the night watchman. There is nothing from which any reasonable inference could be drawn that the killing was done for revenge by someone who had a grudge against him. That under the evidence the killing arose out of and in the course of Anderson's employment is conclusively settled by *Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 Ill. 96, and *Chicago Dry Kiln Co.* v. *Industrial Board,* 276 id. 556.

It is earnestly contended that deceased was under no legal obligation to support his daughter Margaret, she being of age, and that the proof does not show that he had contributed to her support within four years prior to his death. Paragraph (*a*) of section 7 of the Workmen's Compensation act requires the payment of compensation when the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his in-

jury.   Paragraph (*b*) of said section provides that if no amount is payable under paragraph (*a*), if the employee leave any widow, child, parent, grandparent or other lineal heir "to whose support he had contributed within four years previous to the time of his injury," compensation shall be paid by the employer.   Margaret, the unmarried daughter of the deceased, was twenty-two years old and had been engaged for some years working as a domestic servant in private families.   If it be conceded that deceased was under no legal obligation to provide or contribute to the support of his daughter after she became of age unless she was "unable to earn a livelihood in consequence of any bodily infirmity  *  *  *  or other unavoidable cause," the statute (Hurd's Stat. 1916, chap. 107, sec. 1,) made it his duty, under those conditions, to support her.   In April and May, 1911, Margaret was ill with scarlet fever.   She testified that during her illness she stayed at her father's home; that he took care of her and furnished her meals; that she had no one else to depend on when anything happened to her which prevented her from pursuing her employment for a living; that she had no means except what she received for her work.   At the time of her father's death Margaret claimed her father's home as her home.   Shortly previous to her father's death she had an operation performed on her hand which incapacitated her from pursuing her usual employment, and during the time she was unable to work she stayed at her father's home.   It is not essential, under our statute, to entitle a child to compensation for the father's death, that the child should be dependent and the father legally bound to support it.   If the father leaves a child surviving him to whose support he has contributed within four years previous to his death the statute makes the employer liable to pay such child compensation.   The two occasions referred to when Margaret was incapacitated from pursuing her employment by reason of illness and her father took her into his home and cared for her were within

four years previous to his death. It cannot be said this was not contributing to her support. In *Commonwealth Edison Co.* v. *Industrial Board,* 277 Ill. 74, we held the statute (par. *b* of sec. 7) does not require that the surviving child, parent or lineal heir shall be dependent upon the deceased, but that it is sufficient if he has within four years previous to his injury contributed to its support, and that it is not necessary such contributions should have been regular or in fixed amounts.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

CARTWRIGHT and DUNN, JJ., dissenting:

August Anderson was killed by an unknown person who had gone into the plant where he was working and taken his revolver from a cupboard in the engine room where it was kept and some distance from the homicide. The body of Anderson was found at the door of the engine room, and the person who fired the shot was not near him. There was no evidence, either direct or circumstantial, tending to prove that Anderson was or had been excluding any person from the plant or removing anyone therefrom. It seems to us that a finding that Anderson's death resulted from an accidental injury arising out of and in the course of his employment rests upon mere conjecture, and that a finding either way would be equally consistent with the evidence. The burden of proof rested on the claimant to prove the facts necessary to establish a right to compensation under the Workmen's Compensation act, and the facts proved being equally consistent with a conclusion that the death did not result from an accidental injury arising out of and in the course of the employment as that it did result from such an injury, the burden was not sustained and the proof was insufficient. *Ohio Building Vault Co.* v. *Industrial Board,* 277 Ill. 96.