## No. 10,086.

THE HASSELL IRON WORKS CO., ET AL. *v.* THE INDUSTRIAL COMMISSION, ET AL.

Decided November 7, 1921.

Proceeding under the workmen's compensation act. Judgment for claimant.

### *Affirmed.*

1.   WORKMEN'S COMPENSATION—*Review.*   In reviewing a judgment involving the workmen's compensation law, the supreme court may consider only the legal question of whether there is evidence to support the findings, and not whether the commission has misconstrued its probative effect.   The award is conclusive upon all matters of fact properly in dispute before the commission, where supported by evidence, or reasonable inference to be drawn therefrom.

2.   *Accident Arising Out of the Employment—Lightning.*   Ordinarily the employer cannot be held liable for compensation for disability from lightning.   But where the work and method of doing it exposes the employe to the forces of nature to a greater extent than he would be if not so engaged, the industry increases the danger from such forces, and the employer is liable.

*Error to the District Court of El Paso County, Hon. J. W. Sheafor, Judge.*

Mr. FRED W. VARNEY, Mr. CHAS. W. O'DONNELL, for plaintiffs in error.

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Mr. MARTIN M. BURNS, for defendants in error.

*En banc.*

MR. JUSTICE ALLEN delivered the opinion of the court.

THIS is an action brought in the district court of El Paso County to set aside the findings and award of the Industrial Commission in the matter of a claim presented under the Workmen's Compensation Acts. The district court confirmed the findings and award, and plaintiffs bring the cause here for review.

The claim for compensation filed with the Industrial Commission was made by and on behalf of the dependents of a deceased employe, one John Hrutkai. The findings and award were in favor of the claimants. The claim was resisted by the employer and the insurer, plaintiffs in error here and plaintiffs below.

The findings of the commission, so far as now material, are as follows:

"That John Hrutkai, deceased, was killed by an accident arising out of and in the course of his employment while performing services arising out of and in the course of his employment while working for the * * * employer at Ship Rock, New Mexico, on September 9th, A. D. 1918. That while so employed and while engaged in operating an oxy-acetylene torch and wrecking a steel bridge on an island in the San Juan River, near Ship Rock, New Mexico, the said John Hrutkai was struck by lightning, death resulting instantly. That his death was the immediate result of the accident above described and arose out of and in the course of his employment. * * *"

The objections of the plaintiffs in error to the findings and award of the commission are stated in various ways in the complaint and in the assignment of errors, but they

may be summed up in this, namely, that there is no evidence to support the finding that the accident arose *out of* the employment.

The materiality of the objection, as thus stated, results from that provision of section 8, Chapter 179, Session Laws of 1915, which makes it one of the conditions precedent to the right to compensation that the injury or death of the employe be proximately caused by accident arising *out of* his employment.

The only question that need be determined upon this review is whether there is evidence to support the finding that the accident arose out of the employment.

In *Passini v. Industrial Commission,* 64 Colo. 350, 171 Pac. 370, this court said:

"This court may consider only the legal question of whether there is evidence to support the findings, and not whether the commission has misconstrued its probative effect. The award is conclusive upon all matters of fact properly in dispute before the commission, where supported by evidence, or reasonable inference to be drawn therefrom."

The employe concerned in the instant case was killed by lightning. It is claimed by the plaintiffs in error that upon the facts appearing in the instant case the commission could not find that the accident of being struck by lightning arose out of the employment. It appears to be assumed on both sides that a correct statement of law relevant to this matter is that found in 1 Honnold on Workmen's Compensation, Sec. 119, p. 428, as follows:

"The employer cannot ordinarily be held liable for compensation for disability from sunstroke, freezing and lightning. These are forces of nature which he cannot foresee and prevent, and the employe is ordinarily no more subject to injury from such sources than are others. But where the work and the method of doing the work exposes the employe to the forces of nature to a greater extent than he would be if not so engaged, the industry increases the danger from such forces, and the employer is liable."

In the light of the statement just quoted, the contention of the plaintiffs in error may be said to be that there is no evidence that the employe, John Hrutkai, was exposed to the danger of being struck by lightning to a greater extent than he would be if not engaged in his employment. Upon this point there is evidence of the following facts:

At the time of being struck by lightning, Hrutkai was working upon a steel bridge which.was partly in water and partly upon a river bank. He was an oxy-acetylene welder. His employment required him to use, and he did use, a platinum lighter, a torch, a small wrench and a pair of pliers. He had some of these tools on his person when he was struck by lightning. The tools were carried over the spot on his body on which burns were found. At the time of the accident the ground was damp and an electrical storm was in progress. A witness for the claimants describes the bridge and the surrounding conditions, as follows:

"The bridge washed down the river, * * * a quarter of a mile; it was a steel bridge. * * * That is a pretty swift river; it was fifty feet from the bank to the bridge and it was about thirty-two feet high from the floor to the highest part of the arch; there was about forty-seven tons of steel in it. When it went down it seems as though it hung on an abutment and went down end first, and when it struck it doubled up in the center and twisted in a kind of a mass. There was about twenty feet in the water that we had to cross to get out to the bridge and the balance was on the other side; it lay on the island. He (Hrutkai) was at the lower end of the bridge. * * * He was still working the last I seen of him and'had a torch in his hand cutting."

The witness Andrew Reid was experienced upon the subject of lightning protectors for street cars, and was an electrician. He testified that he had given special attention and consideration to devices and means for the protection of street cars against lightning, and studied the action of lightning in devising those means of protection. He fur-

ther testified, in answer to a hypothetical question, to the effect that the deceased would be exposed to a greater hazard from lightning because of the place at which he was working and the conditions of his employment.

The commission could have found, as a reasonable inference to be drawn from the evidence, that the steel in the bridge and the water underneath caused an attraction for lightning and was a conductor thereof to an extent much greater than was common to points elsewhere in the vicinity, and could have so found even if the testimony of the witness Reid had not been admitted. As said in *Passini v. Industrial Commission, supra,* we cannot consider whether the commission misconstrued the probative effect of the evidence. We cannot say that the commission ought to have found that the conditions under which Hrutkai was working did not add to his hazard of being struck by lightning. The facts in the instant case are as favorable for claimants as the facts found in *State ex rel. Coal & Ice Co. v. Dist. Court,* 129 Minn. 502, 153 N. W. 119, L. R. A. 1916A, 344, 9 N. C. C. A. 129. In that case a driver of an ice route was struck and killed by lightning after having sought shelter under a large elm tree, situated near an iron fence. The court held the evidence "sufficient to sustain a finding that the accident to the decedent resulting in his death was one 'arising out of' his employment."

The plaintiffs in error cite *Hoenig v. Industrial Commission,* 159 Wis. 646, 150 N. W. 996, L. R. A. 1916A, 339, 8 N. C. C. A. 192, where compensation was denied to the dependent of an employee who was struck by lightning and killed while employed at work on a dam. In that case, however, the Industrial Commission itself found that the deceased was not exposed to a hazard from lightning stroke peculiar to the industry, or differing substantially from hazard from lightning stroke of any ordinary outdoor work, and the Wisconsin supreme court invoked the rule that the findings of the Commission should not be disturbed where there is any substantial basis for them in the evidence. This court has frequently announced the same rule, and

under it we cannot disturb the findings of the commission in the instant case.

Other cases on the subject may be found in the cases above cited, and in a note in 13 American Law Reports, 977.

In our opinion there was evidence to support the finding that the accident arose out of the employment. The judgment is affirmed.

MR. CHIEF JUSTICE SCOTT not participating.