No. 10,036.

INDUSTRIAL COMMISSION, ET AL. v. PUEBLO AUTO COMPANY, ET AL.

Decided June 5, 1922.

Proceeding under the workmen's compensation act. Claim for compensation denied.

*Reversed.*

## On Petition for Rehearing.

1. WORKMEN'S COMPENSATION—*Accident Arising out of and in the Course of Employment.* An auto salesman, driving a machine belonging to his employer and returning to town after making a sale, was attacked and killed by persons whose purpose was to obtain the automobile in which he was riding. Held, that the industrial commission was justified in awarding compensation to his dependent widow, his death having been occasioned by an accident arising out of, and in the course of his employment.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. JOHN S. FINE, assistant, Messrs. DEVINE, PRESTON & STORER, for plaintiffs in error.

Mr. FRED W. VARNEY, Mr. CHARLES W. O'DONNELL, for defendants in error.

Mr. CHARLES B. HUGHES, Mr. L. E. LANGDON, Mr. JOHN T. BARBRICK, Amici Curiae.

*En banc.*

MR. JUSTICE TELLER delivered the opinion of the court.

THIS case is before us on error to a judgment of the district court vacating the findings and award of the Industrial Commission. The award was in favor of the claimant, Annetta M. Parks, the widow, and one of the dependents of Elton C. Parks, deceased.

On April 11, 1919, Parks was in the employ of The Pueblo Auto Company as a salesman. On said day Parks went in an automobile into the country for the purpose of selling an automobile. On the trip he effected a sale to one Hunter, who started in the car with Parks on his return to Pueblo.

On the road they invited two brothers named Bosco, to ride with them. A little later, while on the road, one of the Boscos shot and killed Parks. It appears that the killing was for the purpose of obtaining the automobile in which the parties were riding.

It is conceded that Parks was killed while in the course of his employment, but the district court held that the killing did not arise out of his employment. The correctness of that decision is to be determined on this review. We have been favored with exhaustive arguments upon this point. The cases seem to hold that the test is whether or not there is a causal connection between the injury and the employment, that is, are they so connected that the injury naturally resulted from the employment.

The arguments of counsel on both sides turn upon the question whether the assault upon Parks was a hazard special to his employment. Many cases are cited in which injury suffered from robbery of bank messengers and paymasters has been held to be compensable under these compensation acts. While it has been stated that these laws cover only dangers which might have been anticipated, yet the cases generally hold that if, after the injury, it can be seen that the injury was incurred because of the employment, it need not be such as to have been anticipated. We think that is the better rule.

The award of the commission can be sustained only on the ground that Parks lost his life while he was in the course of his employment and as the result of an attempt upon the part of the Boscos to obtain possession of the employer's automobile.

The danger of assault upon a highway for the purpose of robbery is generally recognized, and said danger is more imminent in recent years since the possession of an automobile affords ready means of escape.

This court has held that an accident suffered by an employe while riding in an automobile to reach the place of his employment is compensable, and the only question is whether or not the danger of assault for the purpose

of robbery is as generally recognized as is the danger from collision, or other accidental injuries to automobiles and their occupants.   If not as evident, is the danger so evident as to make it fairly a risk of traveling on the high-way?

That such travel is subject to the danger of assault for the purpose of robbery is not to be denied in view of the frequent reports of such assaults.

Many of the cases cited are extremely liberal in apply-ing these compensation laws to injuries of this general class.   Some of them have gone so far as practically to eliminate the question whether or not the injury grew out of the employment, making it sufficient that it was suf-fered in the course of the employment.   We do not feel at liberty to go that far and practically to amend the law, and we are not required to do so in this case.   There is ample authority for holding that an injury inflicted in an attempt to rob an employe, while in the course of his em-ployment, is compensable as arising out of such employ-ment.

The case of *Mechanics Furniture Co. v. Industrial Board*, 281 Ill. 530, 117 N. E. 986, involved a claim for the death of a watchman who was killed on his employer's property. There was no evidence as to the purpose of the killing. The Industrial Board found from the circumstances of the case that the man had been killed in defense of his em-ployer's property, and as a result of an attempt to rob.

The court held that the inferences drawn by the board were justified, and that the killing was in the course of and grew out of the deceased's employment.

In *Spang v. Broadway Brewing & Malting Co.*, 182 App. Div. 443, 169 N. Y. Supp. 574, it is held that an employe of a brewing company, who was killed while on a collecting trip, the killing resulting from an attempt to rob, was killed in the course of his employment, and that the killing grew out of his employment.   The court said:

"The fact that the death of Spang was intentionally

caused does not defeat the claim. He was killed as an incident of his employment, because he had in his possession money belonging to his employer, which it was the purpose of his slayer to feloniously appropriate. An injury caused deliberately and wilfully by a third party may be an 'accidental injury,' within the meaning of the act, from the viewpoint of the employer and the employe." (Citing a number of cases.)

That case would seem to be in point here.

It being established that Parks was killed in order that his assailant might obtain his employer's automobile in which Parks was riding on his master's business, we are of the opinion that the commission was justified in awarding compensation to the claimant. The judgment is accordingly reversed with directions to enter judgment affirming the award made by the commission.

Mr. Justice Denison and Mr. Justice Burke dissent.

Mr. Chief Justice Scott and Mr. Justice Campbell not participating.