No. 10,574.

INDUSTRIAL COMMISSION, ET AL. *v.* HUNTER, ET AL.

Decided April 2, 1923.

Proceeding under the workmen's compensation act. Judgment for claimants.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Accident Arising out of and in the Course of Employment.* A water commissioner whose duties required him to travel over his district, while riding in the automobile of another, who had sold him a car, was making inspections of streams and ditches on the way from his home to the automobile agency. He was shot and killed by a person who

attempted to steal the car. Held, this his death was proximately caused by an accident arising out of, and in the course of his employment.

*Error to the District Court of Pueblo County, Hon. James A. Park, Judge.*

Mr. RUSSELL W. FLEMING, attorney general, Mr. JOSEPH P. O'CONNELL, assistant, for plaintiffs in error.

Messrs. HUGHES, LANGDON & BARBRICK, for defendants in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE defendants in error were claimants under the Workmen's Compensation Act, as dependents upon William Hunter, deceased, who was at the time of his death, a water commissioner residing at Rye, Colorado. He was killed while riding in an automobile from his home to Pueblo in company with one Parks. The circumstances of the killing are recited in *Industrial Commission v. Pueblo Co.*, 71 Colo. 424, 207 Pac. 479. The commission found that the killing did not arise out of his employment, though he was at the time acting in the course of his employment. The district court of Pueblo county held that, under the findings of fact made by the commission, Hunter's death was the result of an accident arising out of his employment, and directed an award accordingly. That judgment is now before us for review.

The commission found that: "His (Hunter's) duties were to keep a record of the amount of water in the daily flow, and make reports to the division engineer once a week. In performing his duties it was necessary that he travel over his district; for this purpose he used an automobile. On the afternoon of April 11, 1919, Elton C. Parks, salesman of the Pueblo Automobile Company, called at the home of Hunter and obtained his order for a Dodge car. Parks was driving a new Dodge car and invited Hunter to go to Pueblo with him. Hunter's report was due

April 12, 1919, and in order to make this report he had to look at the ditches and creeks between his home and Pueblo. By coming to Pueblo with Mr. Parks he could do the necessary work along the road. It was while on his way from his home at Rye to Pueblo that he was shot by the Bosco Brothers. Parks was the first man killed in the attempt to steal the automobile, and Hunter was then killed by the Bosco Brothers in order to secure possession of the automobile." Hunter was driving the car.

We must accept the findings of the commission and they show that Hunter was killed while in the line of his employment. The only remaining question is, did the killing arise out of said employment. In the case of *Industrial Commission v. Ætna Life Co.*, 64 Colo. 480, 174 Pac. 589, 34 A. L. R. 1336, one Lynch was killed in an automobile accident while going from one place of work to another place to work, by the direction of his employer. We there held that his death arose out of his employment.

The commission found that Hunter was traveling on the public road for the purpose of doing work required by his employment as water commissioner. It would seem that the case just quoted is authority for the judgment of the district court. In this case, as in that, the deceased was traveling on a public road in the discharge of his duties as an employee. It is not possible to lay down any rule of universal application. Each case must stand, to a considerable degree, upon its facts. There are certain well established principles, however, which may be applied to this case.

In *Rosmuth v. American Radiator Co.*, 201 App. Div. 207, 193 N. Y. Supp. 769, it is said:

"The question is: Did the employment as such proximately contribute to a risk which is common to humanity? If so, there is liability. The weight of recent authority is in favor of this broad interpretation of the statute, which considers the employment as including its conditions, obligations, and incidents, and considers the perils reasonably

to be expected therefrom as risks arising out of the employment."

Several cases are cited in support of this proposition. *In the Matter of Katz v. Kadans & Co.,* 232 N. Y. 420, 134 N. E. 330, the court said:

"If the work itself involves exposure to perils of the street, strange, unanticipated and infrequent though they may be, the employee passes along the streets when on his master's occasions under the protection of the statute. This is the rule unequivocally laid down by the House of Lords in England. 'When a workman is sent into the street on his master's business, his employment necessarily involves exposure to the risks of the street, and injury from such a cause necessarily arises out of his employment.' (Finlay, L. C., in *Dennis v. White & Co.,* 1917 A. C. 479.) So we have to concern ourselves only with the question whether claimant's accident arose out of a street risk.

Cases may arise where one is hurt in the street but where the risk is of a general nature, not peculiar to the street. Lightning strikes fortuitously in the street; bombs dropped by enemy aircraft do not expose to special danger persons in a street as distinguished from those in houses. (*Allcock v. Rogers, House of Lords,* 1918, 11 B. W. C. C. 149.) The danger must result from the place to make it a street risk, but that is enough if the workman is in the place by reason of his employment, and in the discharge of his duty to his employer. The street becomes a dangerous place when street brawlers, highwaymen, escaping criminals or violent madmen are afoot therein as they sometimes are. The danger of being struck by them by accident is a street risk because it is incident to passing through or being on the street when dangerous characters are abroad."

Applying to this case the rule last above stated, it appears that the district court was right in holding that the commission's award was not supported by its findings. Inasmuch as the commission found that the death did not

arise out of deceased's employment. The attorney general's brief seems to assume that if the accident is not such as would be reasonably anticipated, it is not compensable.

The contrary was stated to be the rule in *Industrial Commission v. Pueblo Auto Co., supra.* Had the duties of Hunter not required him to be upon the highway, he would not have been subject to the risk of being killed as he was. The weight of authorities seems to make that one of the tests. We are of the opinion, therefore, that the judgment of the district court is supported by the findings of the commission and it is therefore affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE SHEAFOR concur.