YOUNG *v.* CITY OF BROWN CITY.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—PERSONAL
INJURIES—ASSAULT BY TRESPASSER SURPRISED IN ILLEGAL ACT.

Where plaintiff, a fireman in the employ of a city in its electric light and water plant, was assaulted as he unlocked the door and entered the building early in the morning to begin his day's work by a trespasser who was supposedly surprised in an illegal act by plaintiff, a finding by the department of labor and industry that plaintiff received an accidental personal injury arising out of and in the course of his employment, within the meaning of the workmen's compensation act, is *held* to be justified.

Certiorari to Department of Labor and Industry. Submitted April 4, 1923.     (Docket No. 20.)     Decided June 4, 1923.

John E. Young presented his claim for compensation against the city of Brown City for an accidental injury in defendant's employ.  From an order award-

On injury from assault as arising out of and in the course of employment within workmen's compensation acts, see notes in L. R. A. 1918E, 498; 15 A. L. R. 589; 21 A. L. R. 758.

ing compensation, defendant and the Southern Surety Company, insurer, bring certiorari.    Affirmed.

*Clark C. Coulter*, for appellants.

CLARK, J.    Plaintiff was employed as a fireman by the city of Brown City.    It was his duty to operate the electric light and water plant a part of each day.

At 5:15 a. m. on February 7, 1922, he reached the plant which was located on the outskirts of the city near a railroad track.    It was cold and dark.    He carried a lantern.    The plant was locked and dark and was not to be lighted until the engines were started.    Another employee had banked the boiler fires the evening previous.    A person within the plant could have observed plaintiff's approach the distance of about one block.    When plaintiff unlocked and opened the door and was entering he was struck on the head by an unidentified assailant and rendered unconscious.    When he regained consciousness the assailant had fled.    A hammer was missing from the plant.    Plaintiff had no enemies.    He had about $60 in his pocket.    He was not robbed.    Nothing but the hammer was taken from the plant.    The assailant had entered by a coal chute.

Plaintiff claimed compensation under the workmen's compensation act.    The department of labor and industry found for him and made an award.    Defendants on certiorari contend that the accident did not arise out of and in the course of the employment and deny liability.

The evidence negatives an inference that the assault was due to such personal animosity or intent against the plaintiff himself, apart from the employment, as would relieve defendants of liability.    See *Little* v. *Atlas Drop Forge Co.*, 221 Mich. 604; *Marshall* v. *Baker-Vawter Co.*, 206 Mich. 466.    Rather, we think

it is capable of the inferences drawn by the commission:

"This record indicates to us that the assailant was a trespasser in the building and that he was surprised in his illegal act by the applicant, and he assaulted the applicant so as to make his escape.

"We think the character of the duties of the applicant, the place and hour when those duties were to be performed, all tended to expose the applicant to contact with trespassers and were such as likely to cause him to have to deal with persons who in the nature of things were liable to attack him.

"In view of all the circumstances surrounding his employment and the hour of the assault, we think that the risk which he incurred was pecular to his employment. Being in sole charge of the plant during the early hours of the morning the applicant's duties were akin to those of a watchman."  *  *  *

The finding an accidental personal injury arising out of and in the course of the employment is sustained by the weight of authority. See *Mechanics Furniture Co.* v. *Industrial Board,* 281 Ill. 530 (117 N. E. 986); *Ohio Building Safety Vault Co.* v. *Industrial Board,* 277 Ill. 96 (115 N. E. 149, 14 N. C. C. A. 224); *Heidemann* v. *Telegraph Co.,* 230 N. Y. 305 (130 N. E. 302, 20 N. C. C. A. 586); *Smith* v *Kaw Boiler Works Co.,* 104 Kan. 591 (180 Pac. 259, 18 N. C. C. A. 1050); *Western Grain & Sugar Products Co.* v. *Pillsbury,* 173 Cal. 135 (159 Pac. 423); *Jaquemin* v. *Manufacturing Co.,* 92 Conn. 382 (103 Atl. 115, L. R. A. 1918E, 496). And see note 6 N. C. C. A. 1010; 3 N. C. C. A. 275; 21 N. C. C. A. 660.

The award is affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.