No. 11,624.

STATE COMPENSATION INSURANCE FUND *v.* INDUSTRIAL COMMISSION, ET AL.

Decided September 27, 1926.

Proceeding under the workmen's compensation act. Judgment of the district court upholding an award of the industrial commission.

*Affirmed.*

1. WORKMEN'S COMPENSATION—*Award—Modification.* Section 97, p. 746, S. L. '23, concerning workmen's compensation, does not

preclude the industrial commission from changing or modifying an award on its own motion, even though no petition for a review has been filed.

2.      *Statutes—Construction.* The word "mistake," as used in section 4484, C. L. '21, concerning workmen's compensation, means any mistake, whether of law or fact.

3.      *Accident—Course of employment.* A superintendent of an electric lighting plant with permission of his employer to go to another state to look for an engineer, was murdered and robbed while returning home by auto. Under the facts disclosed it is held that he was killed by accident arising out of, and in the course of his employment.

*Error to the District Court of the City and County of Denver, Hon. Charles S. Sackmann, Judge.*

Mr. W. F. MOWRY, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. OTTO FRIEDRICHS, Assistant, Messrs. GORDON & GORDON, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE commission awarded compensation to Lera A. Todd, widow, and to certain others, children, of John E. Todd, deceased, against the State Compensation Insurance Fund.

The Fund, as it might under S. L. 1923, p. 746, § 18, brought suit in the district court to set aside the award, was there defeated, and brings error. The commission and the court were right.

The original finding and order of the referee denied compensation. The first point made by plaintiff in error is that since there was no petition for review of this order the action of the commission, sua sponte, in setting

it aside, taking new evidence and ultimately awarding compensation was beyond its powers, because of C. L. § 4471, or rather the amendment thereto, S. L. 1923, p. 757, § 97, which is as follows: Section 97. Any party in interest who is dissatisfied with the order entered by the referee may petition to review the same, and the referee may reopen said case, or may amend or modify said order, and such amended or modified order shall be a final award unless objection be made thereto by further petition for review. In case said referee does not amend or modify said order, he shall refer the entire case to the commission, and the commission shall thereupon review the entire record in said case, and, in its discretion, may take or order the taking of additional testimony, and shall make its findings of fact and enter its award thereon. The award of said commission shall be final unless a petition to review same shall be filed by an interested party. Every petition for review shall be in writing and shall specify in detail the particular errors and objections. Such petition must be filed within ten days after the entry of any referee's order or award of the commission unless further time is granted by the referee or the commission within said ten days, and, unless so filed, said order or award shall be final. All parties in interest shall be given due notice of the entry of any referee's order or any award of the commission, and said period of ten days shall begin to run only after such notice, and the mailing of a copy of said order or award addressed to the last known address of any party in interest shall be sufficient notice.

If we take this section literally we must say that the referee's order denying the compensation was final because no petition for review was filed within the ten days; but we are of the opinion that the meaning of the section is that no one can claim a right of review unless the petition is filed, and that it does not relate to acts of the commission on its own motion. Can it be said that when the commission knows its decision is wrong

or seriously doubts whether it is right, it may not, before any one has acted on it, review its own work, take more evidence, and if necessary, modify or change its decision? The question is settled by C. L. § 4484.

It is claimed that "mistake" in § 4484 does not include a mistake of law, but we have held otherwise. *Employers' Mutual Co. v. Industrial Com.*, 78 Colo. 501, 242 Pac. 988. Our opinion is that said section also includes a mistake of fact, any mistake; so whether on a mistake of fact or law, the commission had power to take new evidence.

The commission, as above indicated, on March 18th after the referee had, on January 3rd, 1924, ordered the denial of compensation, ordered new evidence taken. The fund moved to review this order but the motion was denied. A further hearing was ordered and had, and June 9, 1924, the commission made a finding that death was caused by accident arising out of and in course of his employment and awarded compensation.

It is claimed that the findings do not support the award. We think they do. Todd, the deceased, was superintendent of the electric light system of the city of Lamar, Colorado, an engineer of the system was about to resign and Todd had permission to go to Dodge City, Kansas, to look for a substitute. He went by auto to Wichita, stopping at Dodge City only for dinner, there met his family who had been in Coffeyville; he spent two days at Wichita and attended there to a considerable amount of his employer's business, returned to Dodge City with his family, but stopping there only for dinner and went on to Cimarron, where he left his family to take the train for Lamar, while he continued in the auto toward that place. He was murdered and robbed on the way, for which the perpetrators are now in prison in Kansas.

The claim here is that these findings do not support an award of compensation, because it appears that he was not killed in the course of his employment; he was, how-

ever, employed to go to Dodge City and did so, in returning thence he was killed; he, then, was acting in the course of his employment when killed.

It is argued that because Todd did not stop at Dodge City, where alone he was authorized to go, but went through to Wichita, where he was not authorized to go, that his whole trip was without the course of his employment. It is found, however, that "while in Wichita" he "transacted quite a lot of business for the light plant and purchased a number of supplies from the United Electric Company of that place, and also requested Mr. Cooper, president of that company, to see if he could not get an engineer for the light plant at Lamar. He also endeavored while in Wichita to secure the services of an engineer to go to Lamar and work in the light plant. He also discussed with Mr. Cooper a number of engineering problems connected with the Lamar plant, and as to electric light lines adjacent to the City of Lamar. Todd remained at Wichita two days, August 28th, and August 29th."

There is no express finding that the city of Lamar accepted these services, but it is a fair, and we think a necessary conclusion that it did so, and thus ratified all that Todd did at Wichita and made it as much a part of his employment as if it had been originally authorized.

Did the accident arise out of his employment? We think it did. The employment required him to go to Dodge City and return. Robbers have always been and are an ordinary risk of the road; a risk, it is true, that all travelers, whether employed like this man or not must run, yet this man's employment was to go and come, it was then a part of his work, and death arose out of it. *Industrial Com. v. Hunter,* 73 Colo. 226, 229, 214 Pac. 393; *Industrial Com. v. Pueblo Co.,* 71 Colo. 425, 207 Pac. 479, 23 A. L. R. 348.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.