No. 11,626.

AETNA LIFE INSURANCE CO., ET AL. v. INDUSTRIAL
COMMISSION, ET AL.

Decided March 28, 1927.  Rehearing denied April 12, 1927.

Proceeding under the workmen's compensation act.
Judgment for claimant.

*Affirmed.*

1.  WORKMEN'S COMPENSATION—*Lightning—Course of Employment.*  A
farm hand returning with a team of horses to his employer's prem-
ises from a neighboring farm was killed by lightning while crossing
a rocky hill near a wire fence.  Held, that his death was the result
of an accident arising out of his employment.

*Error to the District Court of the City and County of
Denver, Hon. Julian H. Moore, Judge.*

Messrs. COOK & BURKE, for plaintiffs in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr.
JEAN S. BREITENSTEIN, Assistant, Mr. PHILIP S. VAN CISE,
Mr. KENNETH W. ROBINSON, for defendants in error.

Messrs. GILLETTE & CLARK, Mr. LEROY J. WILLIAMS,
Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, amici
curiae.

. *En Banc.*

MR. JUSTICE DENISON delivered the opinion of the
court.

LAURA C. Oakley was awarded compensation by the
Industrial Commission for the death of her son, Lyle
Oakley.  The district court affirmed the award and the
insurance carrier and the employer bring error.

The deceased was a farm hand and was sent by his employer to work for a day on a neighbor's farm. While returning by the most feasible route, with a team of horses, but without a wagon, crossing a high rocky hill near a wire fence, he and the horses were killed by light-.ning. He was so near the horses that one of them fell on him and he was so found.

The sole question for us is whether the death was one arising out of his employment. C. L. § 4389.

In *Hassell I. W. Co. v. Industrial Commission,* 70 Colo. 386, 201 Pac. 894 an award for death by lightning was sustained because the victim was working on a steel bridge over water, and it was said, (page 390) that because of that the employment involved special risk, and so there was a causal relation between the employment and the death.

A majority of the court thinks that, since Oakley's employment required him to be in a position where the lightning struck him, there was a causal relation between employment and accident, so that the latter may be said to arise out of the former and therfore the judgment should be affirmed. The writer, however, is of the opinion, in which the Chief Justice concurs, that the mere fact that duty calls the employee to the place where he is killed or injured, is not enough; yet recognizes that the precedents in this state and in the Supreme Court of the United States extend even beyond limits which would include the present case and so concurs in the result reached by the majority.

For analogous cases see *Industrial Commission v. Pueblo Auto Co.,* 71 Colo. 425, 207 Pac. 479, 23 A. L. R. 348; *Industrial Commission v. Hunter,* 73 Colo. 226, and *State Compensation Insurance Fund v. Industrial Commission,* 80 Colo. 130, 249 Pac. 653.

Judgment affirmed.

Mr. Justice Adams dissents.

MR. CHIEF JUSTICE BURKE specially concurring.

The statute here under consideration provides: "The right to the compensation provided for in this act * * * shall obtain in all cases * * * where the injury or death is proximately caused by accident *arising out of* and *in the course of* his employment. * * *" Sec. 4389 p. 1235, C. L. 1921 (L. 1919, p. 705, § 15).

Whether a given accident arises "in the course of" an employment is usually answered with ease; whether it arises "out of" the employment is often, as here, answered with difficulty.

Some general rule of interpretation, furnishing a reasonable guide to those whose rights and duties are presumably fixed by this act, should be announced. No such rule can be formulated unless, in cases of the general character here under consideration, we read out of the statute the words "out of and" or read into it the words, "Accidents due to an act of God, or of the public enemy, or of lawlessness not committed against the employee as such or against the business of the employer, shall not be deemed as arising 'out of' the employment." As the first alternative violates the well established rule that every part of a statute must, if possible, be given effect, my opinion has always been that we should have resorted to the second and were this a matter of first impression such would now be my conclusion. However, so far have we heretofore gone in applying what I believe was, in the beginning, an erroneous rule, that our course cannot now be altered without a clear violation of the rule of stare decisis. Such, I am convinced, would be the effect of a reversal in the instant case.

If this lightning stroke was an accident "arising out of" the employment every accident due to lightning so arises if "in the course of" the employment, and evidence as to the cause of the stroke is irrelevant. That conclusion can only be escaped by holding that no accident by lightning shall be deemed to arise out of the

employment unless the injured employee, in the course of his employment, took to or had at the place of the accident the thing which there caused the stroke. Such holding would, however, involve a reversal of former decisions of this court. An affirmance of this judgment establishes the rule that when one in the course of his employment is reasonably required to be at a particular place at a particular time and there meets with an accident, although one which any other person then and there present would have met with irrespective of his employment, that accident is one "arising out of" the employment of the person so injured. To that rule I think we are committed and the remedy, if any, to be applied, rests with the legislature. Hence the judgment herein must stand.

MR. JUSTICE WHITFORD, MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur in the foregoing.