No. 12,076.

Industrial Commission, et al. *v.* Nissen, Administrator.

Decided May 14, 1928.

Mr. William L. Boatright, Attorney General, Mr. Otto Friedrichs, Assistant, for plaintiffs in error.

Mr. Barnard Cummings, for defendant in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

The commission disallowed the claim of the defendant in error, Nissen, who is administrator of the estate of Charles Henry Nissen, deceased; the district court reversed this award and directed an award for the claimant and the commission brings error.

The deceased was employed by the Adolph J. Zang Investment Company, one of the plaintiffs in error. He lodged in an alfalfa mill which belonged to his employer and worked on his employer's farm, about half a mile away. He had been a watchman at the mill and claimant insists was so still, but on that point the evidence is not conclusive. He had finished work at the farm and was on the highway going home to the mill when an automobile struck and killed him.

On June 8, 1927, the referee found that the deceased was killed "on returning * * * to his house * * * (the mill) where he was engaged * * * as watchman. The accident arose out of and in the course of his employment," and awarded $125 funeral expenses.

July 20, 1927, the commission on review reversed this award, finding that the accident did not "arise out of or in course of the employment."

August 6, 1927, on petition of the claimant for review, the commission affirmed their former award. This was reversed by the district court as above stated.

There are but two questions on the merits: (1) Did the accident arise out of, and (2) was it in the course of the employment? We think both must be answered, No. Unless every employee on his way between his work and his home is in the course of his employment this man was not. One so on his way is not "doing the duty which he is employed to perform" which is the test to decide whether he is "in the course of" the employment. *Industrial Commission v. Anderson,* 69 Colo. 147, 151, 169 Pac. 135, L. R. A. 1918F, 885. The test whether the injury

arises out of the employment depends on whether there is a causal connection between the duties of the employment and the injury. Id. 152; *Industrial Com. v. Enyeart,* 81 Colo. 521, 524, 256 Pac. 314. Here the employee had finished his work and was free to go whither he would. He chose to go on the public highway toward home. The accident arose out of that choice not out of the employment. The case differs from *Industrial Com. v. Hunter,* 73 Colo. 226, 214 Pac. 393, in that Hunter was actually doing his employer's work when killed; so also in *State Fund v. Industrial Com.,* 80 Colo. 130, 134, 249 Pac. 653.

In *Aetna Life Ins. Co. v. Industrial Com.* 81 Colo. 233, 254 Pac. 995, the deceased was required by the duty of his employment to be at the place of the accident when it occurred. See the opinion of the Chief Justice, p. 236. So of *Ocean, etc. Co. v. Pallero,* 66 Colo. 190, 180 Pac. 95, which the claimant relies on. That case, however, is a broken reed for another reason, viz: the deceased was not only doing part of his duty as employee (i. e. blasting) when killed, but was killed by that work. The work was the direct cause of the death.

The claimant urges that the deceased was employed to watch the mill as well as to work on the farm. There are several answers to that claim but one is enough. There is evidence that he was not a watchman there, that he was privileged to sleep at the farm where he ate, but chose to sleep at the mill. This evidence would support the finding that he was not in the course of his employment when at the mill, a fortiori when on his way there, and, if necessary to support such finding, we must assume that the commission believed this evidence and found accordingly. The district court has no power to question the finding of the commission on evidence.

It is claimed that the commission's review and reversal of the referee's award was void because the petition for review was signed only by one Redding with no indication for whom he was acting. But the commission

22

has power to review of its own motion. *State Fund v. Industrial Co., supra,* 132, 133; C. L. § 4484. It is immaterial, then, on the question of the validity of the review, who moves or whether anyone does.

A more serious question is raised by the claim that this review was had without notice to the claimant. C. L. § 4484, requires notice, § 4471 which provides for review upon petition, does not. We think, however, that a review without notice is unlawful in either case, but it follows from what we have said above that it was wrong to direct the commission to award his claim to the defendant in error. The direction should have been to give him notice of the review and hear him and his evidence, if any, and then make award accordingly. If the evidence is not materially altered, and we do not see now how it can be, the award on review must be as before.

The judgment is reversed and the district court directed to proceed in accordance with this opinion.

Mr. Justice Adams, Mr. Justice Butler and Mr. Justice Campbell concur.