DECIDED DECEMBER 14, 1928.

### 18770. GLOBE INDEMNITY CO. *et al.* v. MacKENDREE.

DECIDED DECEMBER 14, 1928.

*Bryan & Middlebrooks,* for plaintiffs in error.

*Wright & Jackson,* contra.

BELL, J. This is a workman's compensation case, in which the employer and the insurance carrier are excepting to a judgment of the superior court affirming an award by the industrial commission in favor of the dependents of a deceased employee. The facts were undisputed, and, as agreed to before the commission, were as follows: William T. MacKendree was employed by Herald Publishing Company, of Augusta, Georgia, as circulation manager. The company had an agency in Eloree, South Carolina. On July 21, 1927, the employee, in accordance with his custom and with the full knowledge, consent, and approval of his employer, drove to

Eloree in an automobile owned by his employer for the purpose of transacting the business of his employer with the agent at that place. After completing such business and in the afternoon of the same day, he "started on his return trip to make his usual report and accounting to his employer. But while proceeding in said automobile along a public State highway at a lawful speed and in a prudent and careful manner, a sudden storm overtook him while passing through a piece of woodland, and a tree was blown down by the wind across the automobile, crushing his head and producing almost instant death."

It was admitted by the employer and the insurance carrier that such injury and death arose in the course of the decedent's employment, so as to entitle his dependents to compensation, provided such injury and death arose out of the employment. The parties expressly submitted that this was the only issue for determination.

It is our opinion that this case is controlled by the decision in the case of *New Amsterdam Casualty Co.* v. *Sumrell*, 30 *Ga. App.* 682 (118 S. E. 786). It is unlike the case of *Maryland Casualty Co.* v. *Peek*, 36 *Ga. App.* 557 (137 S. E. 121), wherein the employee, while traveling upon a train in the line of his duty, was slain in an unprovoked assault by a passenger, who, after the manner of a madman or a lunatic, jumped up from his seat and began to shoot at the other passengers in the coach. As was pointed out in that case, had the employee "been injured by a derailment, a collision, a breaking through a trestle or bridge, or other travel accident, his right to compensation would be clear." We think that in the case before us the death of the employee was the result of a travel accident.

Whether an injury would be compensable if occasioned by a storm, without other contributing cause, is not a question in this case. Nor do we find in the so-called "lightning cases" any logical precedent for a decision against compensation in the case at bar. Even in that class of cases the employer may be liable, where the employee was subjected to a greater danger from lightning by reason of his employment.

MacKendree was not killed solely by a storm, but by the force of a storm operating upon a tree which stood by the wayside. Trees do occasionally fall, and perhaps every tree must fall at some time. The particular tree stood upon the route which MacKendree was

accustomed to take in the regular discharge of his duties, and his employment exposed him to such danger as might exist from the falling of this or any other tree standing along the route so traveled by him. The risk was not one which was common to all mankind, or to which the public at large was equally exposed. "Where the duties of the employee entail his presence or travel upon the highway, the claim for an injury there occurring is not to be barred because it results from a risk common to all others upon the highway under like conditions, unless it is also common to the general public without regard to such conditions, and independently of place, employment, or pursuit. [See 28 R. C. L. 804, 93; Katz v. State Industrial Commission, 232 N. Y. 420, 134 N. E. 330, 23 A. L. R. 401; Dennis v. White (England), 1917 A. C. 479, 15 N. C. C. A. 294]." It is not necessary in a case of this sort that the particular occurrence should have been foreseen or expected, but it is sufficient if after it has happened it "appears to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." In re McNicol, 215 Mass. 497 (102 N. E. 697, L. R. A. 1916A, 306).

The terms "arising out of and in the course of the employment" are apparently receiving in a majority of the later decisions a more liberal construction in favor of the employee than was formerly the case. See editorial note in 51 A. L. R. 508, as appended to the case of Colarullo v. Employers Liability Assurance Corp., 258 Mass. 521 (155 N. E. 425).

Under the agreed statement it must be held that the injury and death of MacKendree arose out of his employment within the meaning of the compensation act, and we accordingly affirm the judgment. See, in this connection, *Atlantic Ice & Coal Corp.* v. *Wishard,* 30 *Ga. App.* 730 (2) (119 S. E. 429); *Metropolitan Casualty Co.* v. *Huhn,* 165 *Ga.* 667 (8) (142 S. E. 121); People's Coal & Ice Co. v. Newmann, 129 Minn. 502 (153 N. W. 119, L. R. A. 1916A, 344); Rodger v. Paisley School Board (Scotland), (1912) S. C. 584; Moore v. Lehigh Valley R. Co., 169 App. Div. 177 (154 N. Y. Supp. 620); Mahowald v. Thompson Starrett Co., 134 Minn. 113 (158 N. W. 913 (2)); Merrill v. Penasco Lumber Co., 27 N. M. 632 (204 Pac. 72); Industrial Commission v. Pueblo Automobile Co., 71 Colo. 424 (207 Pac. 479, 23 A. L. R. 348); Case of Cook, 243 Mass. 572 (137 N. E. 733, 29 A. L. R. 114).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*