20859. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY *et al. v.* HERRING.

DECIDED APRIL 20, 1931.

*McDaniel, Neely & Marshall, Harry L. Greene,* for plaintiffs in error.

*Lamar C. Rucker,* contra.

BELL, J. This is a workmen's compensation case in which the employee was awarded compensation by the industrial commission. The exception is to a judgment of the superior court denying the appeal of the employer and the insurance carrier.

H. B. Herring was employed by Southeastern Compress & Warehouse Company as night watchman at its plant in Athens, Georgia, and the evidence authorized the inference that while going upon his regular round he was shot and injured by some person whose only motive was to commit a robbery upon him. The evidence warranted also a finding that owing to the location of the plant, together with the nocturnal and solitary nature of the employment, the employee was subjected to special danger from persons inclined

to robbery or other violence, and thus that the particular injury arose out of the employment. The attack for the sole purpose of robbery was not an act directed against the employee for reasons personal to him within the meaning of section 2 (d) of the workmen's compensation act (Ga. L. 1920, p. 167; Ga. L. 1922, p. 185). As suggested by his counsel, the robbery was aimed primarily at the purse and not at the person of the employee, although the injury was conceived to be a necessary incident. The injury was not the result of any grievance against the particular employee, and thus was not personal to him. Any other individual *employed in the same capacity* would have been exposed to the same hazard.

There are cases in other jurisdictions which express a different view, but we decline to follow these, just as we have disagreed with some courts as to the liability of employers for travel accidents sustained by their employees. For no reason urged did the superior court err in affirming the award. *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (2) (118 S. E. 786); *Atlantic Ice & Coal Corp.* v. *Wishard,* 30 *Ga. App.* 730 (2) (119 S. E. 429); *Globe Indemnity Co.* v. *MacKendree,* 39 *Ga. App.* 58 (146 S. E. 46); Heidemann *v.* American Tel. Co., 230 N. Y. 305 (130 N. E. 302); Chicago Dry Kiln Co. *v.* Industrial Board, 276 Ill. 556 (114 N. E. 1009, Ann. Cas. 1918B, 645); Hellman *v.* Manning Sand Paper Co., 176 App. Div. 127 (162 N. Y. Sup. 335), affirmed in 221 N. Y. 492 (116 N. E. 1051); Dyer *v.* Rapides Lumber Co., 154 La. 1091 (98 So. 677); Industrial Commission *v.* Pueblo Auto Co., 71 Colo. 424 (207 Pac. 479, 23 A. L. R. 348); Rosmuth *v.* American Radiator Co., 201 App. Div. 207 (193 N. Y. Sup. 769); Industrial Commission *v.* Hunter, 73 Colo. 226 (214 Pac. 393); Western Metal Supply Co. *v.* Pillsbury, 172 Cal. 407 (156 Pac. 491); Mechanics Furniture Co. *v.* Industrial Board, 281 Ill. 530 (117 N. E. 986); Ohio Building Safety Vault Co. *v.* Industrial Board, 277 Ill. 96 (115 N. E. 149); Nisbet *v.* Rayne, [1910] 2 K. B. 689; Lawrence *v.* Matthews, [1929] 1 K. B. 1 (63 A. L. R. 456).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*