[No. 5012.]
[No. 2561 C. A.]

WARD v. GOODRICH.

1. **Contracts—Consideration.**

A promise to do a thing which the promisor was legally bound to do, as a rule, is not a sufficient consideration to support a reciprocal undertaking by the promisee, but such promise may be enforced against the promisor notwithstanding its

enforcement compels the performance of that which was already a legal obligation.

2. Same—Custody of Child—Divorce.

An agreement by a husband to pay to his wife a certain stipulated sum per week for the support of their child was not without consideration because a suit for divorce was pending between the parties at the time of the agreement in which the custody of the child was involved and in which the trial court had power and authority to make such disposition of the custody of the child as it saw fit.

3. Contracts—Public Policy—Divorce.

A contract between a husband and wife whereby the husband agreed to pay to the wife a stipulated sum per week for the support of their child is not contrary to public policy because at the time it was entered into a suit for divorce was pending between them, where the contract did not and was not intended to facilitate the granting of the divorce.

*Appeal from the District Court of Arapahoe County: Hon. Owen E. Le Fevre, Judge.*

Mr. H. W. SPANGLER, for appellant.

Messrs. LAWS & FREEMAN, for appellee.

Mr. JUSTICE GODDARD delivered the opinion of the court.

The facts pertinent to a decision of this case are in brief as follows: On January 10, A. D. 1893, Calvin T. Ward, the appellant, commenced an action for divorce in the county court of Arapahoe county against Ella D. Ward (now Ella D. Goodrich), appellee, upon the ground of extreme cruelty. The appellee filed an answer containing counter charges, and asked for alimony, counsel fees and an allowance for the support of Sidney Athol Ward, the child of the parties, then two years of age. While this action was pending, and on the 17th day of June, A. D. 1893, the appellee commenced an action against appellant in the district court for the support and maintenance of herself and child. In this action

she obtained a writ of *ne exeat* against appellant and also obtained an order requiring him to pay her $8 weekly for the support of herself and child pending the suit.

On the 19th of September, 1893, the parties entered into a written agreement reciting the foregoing facts, and providing, *inter alia,* that appellant should pay to the appellee the sum of $200 in cash and also pay and allow her the sum of $2.50 per week, payable monthly, for the support of the child until further order of the court, or until he should arrive at the age of fifteen years; and in consideration of such payments the appellant should be released and discharged from all of said orders for alimony and support of the child, and the writ of *ne exeat* should be vacated and discharged, and from all claims and demands that the appellee might have upon him by reason of their marriage, and from all claims for permanent or other alimony, and for the support of the child, other than that specified in the agreement; and it was further expressly provided that this agreement should in no way abridge, modify or suspend any rights which said parties might have to a divorce in either of said courts, or affect the proceedings in said county court action for divorce, or any right or defense which the appellee might have against the appellant in that action.

In pursuance of this agreement, all orders against appellant above mentioned were vacated, and afterwards and on the 14th day of October, A. D. 1893, a decree of divorce was granted in favor of the appellant and the custody of the child awarded to him. Upon the signing of the agreement appellant paid appellee the $200 cash, and permitted the child to remain in appellee's custody and continued the payment of the monthly installments for the support of the child, as provided in said agreement,

until February 1, A. D. 1896. Since that time he has failed, neglected and refused to pay said allowance. On September 8, 1898, appellee brought this action in the county court to recover the sum of $465, the amount of such installments then due under the terms of the agreement. On June 5, 1900, judgment was rendered in the county court in favor of the appellee for $465 and costs. From this judgment appellant prosecuted an appeal to the district court. On March 13, 1901, the case was tried to the court. The only evidence introduced was this contract and the testimony of Mrs. Goodrich to the effect that the child was living and had been in her care since she and appellant separated, and had been properly fed and clothed during the time, and had attended school regularly since he was six years old, and that his associates were of the best people in a Christian neighborhood.

Judgment was rendered in favor of plaintiff for $508 and costs. From this judgment appellant prosecutes this appeal.

It was urged in the court below in support of a motion for judgment on the pleadings, and is insisted on here by counsel for appellant, that the contract sued on is void for want of proper consideration. The argument is, that since the only consideration on the part of the appellant is his promise to support his infant child—in other words, to do that which he was legally bound to do—it was not a sufficient consideration to support a promise, and therefore appellant's promise cannot be enforced. Counsel labors under a misapprehension as to the application of the rule he invokes. While it is settled that the promising to do, or the doing of, that which the promisor is already legally bound to do does not, as a rule, constitute a consideration for a reciprocal promise, or support a reciprocal undertaking given by the

promisee, it by no means follows that such promise may not be enforced against such promisor by the promisee, although its enforcement compels the performance of that which was already a legal obligation. We are unable to appreciate the further contention of counsel that there was a want of consideration sufficient to support the contract for the reason that at the time it was entered into, the question as to the custody of the child was a matter under the custody and subject to the discretion of the court in the divorce suit. It may be conceded that the trial court had the authority and power to make such disposition of the child as it saw fit. It might have annulled or approved the agreement. It did neither; but by awarding the custody of the child to appellant imposed upon him the legal, in addition to his contractual, obligation to pay for his support and maintenance.

It is also claimed that the agreement is void and against public policy. There is nothing in its terms that renders it obnoxious to this objection. The fact that it was entered into while the action for divorce was pending does not affect its validity, unless it can be said that it was its purpose or effect in some way to facilitate the granting of the divorce. That such was not its purpose is shown by the agreement itself, which expressly provides, "That this contract shall in no way abridge, modify or suspend any rights which the parties may have to a divorce or action for divorce, * * * or affect the proceedings in said county court action for divorce brought by said Calvin T. Ward against the said Ella D. Ward, and any right of defense which the said Ella D. Ward may have in said action against the said Calvin T. Ward."

From the decree set out in appellant's answer it appears that the case was regularly tried to a jury

upon the issues joined by the complaint, answer, cross-complaint and replication, and upon the evidence, and that the court found that the findings of the jury were sustained by the evidence and were sufficient in law to entitle appellant to the relief prayed for. Nor does appellant claim that the agreement in any way facilitated that result, or that he obtained any undue advantage by reason of its existence.

This action does not involve the right to the custody of the child, as counsel for appellant seems to argue, but only the question as to whether, having placed the child in appellee's care, his promise to pay the stipulated price for its support can be enforced.

We think the court below was correct in holding that he is so liable, and the judgment is therefore affirmed.                       *Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE BAILEY concur.