No. 14,280.

INDUSTRIAL COMMISSION ET AL. *v.* MURPHY.

(76 P. [2d] 741)

Decided February 14, 1938.   Rehearing denied March 7, 1938.

Mr. BYRON G. ROGERS, Attorney General, Mr. LOUIS SCHIFF, Assistant, Mr. HAROLD CLARK THOMPSON, for plaintiffs in error.

Mr. H. BERMAN, Mr. FRED N. HOLLAND, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THIS is a workmen's compensation case. The parties are hereinafter referred to in order as the commission, the fund, the company, and Murphy. The sole question

presented is, Did the injury complained of arise out of and in the course of the employment?

The company mines gold about two miles from Empire, which is a short distance above Idaho Springs. It has nothing to sell, no stock to dispose of, nothing to advertise. O'Dell was a stockholder and its secretary and manager, and Gammon, not a stockholder, was assistant treasurer. Murphy, 27 years old, was employed as a sampler and assistant survey man. One of the miners, as spokesman for others, represented to Gammon that the "boys" would like to have a baseball team to play on Sundays because they were without recreation. Gammon recommended the project to O'Dell who thought it would "be a good thing for the morale of the men," and offered, for the company, to "match dollar for dollar" on the expense of organization. Action was accordingly taken at a total expense of $305. No further contributions were made nor obligations incurred by the company. Gate receipts of games were applied on expense and the shortage was covered by contributions. To this end O'Dell personally contributed about $300 and Gammon about $40. The team was known by the company name but no one was obliged to play or attend the games and no man was ever employed or discharged because of baseball. Four or five of the players were generally men not employed by the company. On the suggestion of Gammon (who arranged the schedule of games but received no compensation from the company for his baseball activities), acquiesced in by the players, Murphy was acting as manager. August 2, 9, and 16 (Sundays), but few men were working. Murphy worked August 1, 3, 4, 5, and 6, but not August 7, 8, or 9. On August 9 (Sunday), the team went to Colorado Springs to play. Six only of the players were employees of the company. On such trips the players furnished their own transportation. On this day Murphy took three of them in an automobile belonging to the company, which

he borrowed from O'Dell for the purpose. O'Dell, out of his own personal funds, advanced hotel bills in Colorado Springs and gave Murphy money for gasoline. On the return trip the Murphy car collided with another in Vernon canon about 11:00 P. M. and Murphy was permanently injured. He filed his claim with the commission whose referee made an award in his favor. This the commission reversed. The district court reversed the commission and ordered an award in favor of Murphy. To review that judgment this writ is prosecuted.

There are few conflicts in the evidence and most of those apparent can be reconciled. In any event the commission was at liberty to find the foregoing. If this were all, the inevitable conclusion would be that the district court's judgment was wholly unsupported. Murphy's theory, however, is that his baseball activities were the result of company pressure exerted through O'Dell, but since the latter denied it we must assume the commission found against it. Moreover, say counsel for Murphy, these baseball games were sponsored by the company for the purpose of maintaining the morale of the employees and keeping them satisfied; that with the knowledge and approval of the company they had become a settled custom, hence an injury arising out of them exhibits a causal relation to the employment and is compensable. Several cases are cited but we think with one exception, and possibly the authorities therein referred to, they throw no light on the question. That case is *Conklin v. Kansas City Public Service Co.*, 226 Mo. App. 309, 41 S. W. (2d) 608. In the Conklin case an employee was struck in the eye by a baseball bat while watching an indoor baseball game on the employer's premises during the noon lunch hour.

The reasoning of the Conklin case is far from convincing but, assuming otherwise, the diversity of facts makes it inapplicable. Those games were long estab-

lished and a part of the daily life and routine; here they were new, intermittent and casual. That accident occurred on the premises; this one miles away. That one occurred on a work day; this on Sunday. That one during a lunch intermission; this in the middle of the night. Moreover, in the Conklin case the commission found in favor of the workman; here against him.

No definition of "arising out of and in the course of the employment" to be found in this jurisdiction can be stretched to cover the instant case. *Industrial Commission v. Anderson,* 69 Colo. 147, 169 Pac. 135; *Industrial Commission v. Nissen,* 84 Colo. 19, 267 Pac. 791; *Aetna Life Ins. Co. v. Industrial Commission,* 81 Colo. 233, 254 Pac. 995; *Skaggs Co. v. Nixon,* 101 Colo. 203, 72 P. (2d) 1102.

Some of the "recreation" cases inconsistent with the Conklin case and establishing a rule contrary to that here contended for by counsel for Murphy are: *Clark v. Chrysler Corp.,* 276 Mich. 24, 267 N. W. 589; *Becker Roofing Co. v. Industrial Commission,* 333 Ill. 340, 164 N. E. 668; *Hama Hama Log. Co. v. Dept. Labor and Industries,* 157 Wash. 96, 288 Pac. 655.

We find no reasonable theory upon which this judgment can be sustained.

It may be regrettable that this young man can not be compensated under the terms of the act, but its provisions must not be pushed beyond the limits of their purpose, nor its funds diverted to those not clearly entitled thereto, and the object of their creation be thus frustrated. Kindness to one may well be cruelty to many. Allowance of this claim could but serve as a warning to employers that they may concern themselves with the social life and recreation of their men, or permit their officers to do so, or contribute to efforts to lighten life, only under penalty of liability for every accident and injury arising from such activities, however remote from the employment itself.

The judgment is reversed and the cause remanded to the district court with directions to affirm the award.

Mr. Justice Hilliard, Mr. Justice Bakke and Mr. Justice Holland concur.