# No. 14,726.

## INDUSTRIAL COMMISSION ET AL. *v*. DAY.

(111 P. [2d] 1061)

Decided March 17, 1941.   Rehearing denied April 7, 1941.

Mr. Byron G. Rogers, Attorney General, Mr. Frank A. Bruno, Assistant, Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Malcolm Lindsey, Mr. Richard F. Ryan, for plaintiffs in error.

Mr. I. L. Quiat, Mr. Ralph J. Cummings, Mr. Julius F. Seeman, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This is a workman's compensation case. The parties are hereinafter referred to as the commission, the fund, the city, and Day, respectively.

Day, a police officer of the city, was accidentally shot by another officer at a "turkey shoot." Claiming his injury was due to an accident arising out of and in the course of his employment he filed his claim with the commission and the hearing thereon took the usual course. A referee found for him and awarded compensation for temporary and permanent disability. On review the commission held the contrary. When its award became final Day brought this action in the district court which reversed the commission and entered judgment for him. To review that judgment this writ is prosecuted.

The ultimate question presented is, Did the accident arise out of and in the course of Day's employment as a police officer? Incidental thereto is the question whether certain clearly established and material facts were erroneously omitted from the commission's findings which, if included, would have necessitated an award for Day.

In a shooting gallery rented by it the city police department held obligatory monthly "efficiency shoots" to train and test members in the use of firearms. The "turkey shoots" were annual events held in the same

place. At the time of his injury Day was assigned to the "communication office." There, shooting was no part of his duties, though he was subject to reassignment. There is a police protective association, membership in which is optional. The record supports the commission's finding that it sponsored the "turkey shoot." The police detail in charge of "efficiency shoots" also had charge in the "turkey shoots." Participation in the latter was not obligatory. Day had the highest rating in the "efficiency shoot" of the previous month. Under a department regulation granting full pay to an officer injured in line of duty Day, though off duty since the accident, had been paid accordingly. He was encouraged by his superior to participate in ·the event but the evidence falls short of establishing that he was ordered to do so. The trial court found, inter alia: "It is apparent that the situation is one very nicely balanced, so that claimant's services may be considered, if emphasis is given to one set of facts, to have been of benefit and service to his employer, but by emphasizing others it is possible to find that he was engaged in a voluntary competition, purely for his own benefit."

Taking the view of the evidence most favorable to Day this is a correct statement. But the inference, upon which the court acted in entering its judgment, is that the court may disagree with the commission on conclusions to be drawn from the evidence. The inference was wrong and the conclusion erroneous. "If the testimony * * * was such that honest men fairly considering it might arrive at contrary conclusions, then an issue of fact was thereby presented and the finding of the commission on that issue was binding on the district court in its subsequent hearing of the case, and binds us on review." *Regal Coal Co. v. Jackvich,* 105 Colo. 479, 483, 99 P. (2d) 196.

It seems to us no further analysis of facts and evidence is here essential. We see no relation between these annual tournaments and those monthly tests pre-

scribed by the regulations. We find no evidence that the former were obligatory or of any particular value to the work of the department. We are unable to construe anything said to Day into an official order to participate. We cannot differentiate between this "turkey shoot" and an ordinary hunting excursion, or a foot race, conceived and managed by Day's fellow officers, encouraged thereto by their superiors. Participation in either might be remotely beneficial and inspirational, but fall far short of being official duties. The fact, if it be a fact, that this accident arose "in the line of" Day's duties by no means forces the conclusion that it arose out of his employment. Full payment does not establish that the department so held, and if it did, that construction could not bind the fund. 71 C. J., p. 667, §407.

We find no reasonable and controlling distinction between the instant case and *Industrial Commission v. Murphy,* 102 Colo. 59, 76 P. (2d) 741. True, counsel call our attention to numerous factual variations by reason whereof they insist the Murphy case does not govern this. We think none of these bear directly upon the vital question, i. e., Did this accident arise out of Day's employment by the city as a police officer? We must answer that when the commission said "No," it was supported by the record.

The judgment is reversed and the cause remanded to the district court with directions to affirm the award.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE YOUNG and MR. JUSTICE KNOUS concur.