518 P.2d 954 (1973)
Robert R. DORSCH, Petitioner,
v.
INDUSTRIAL COMMISSION of the State of Colorado et al., Respondents.
No. 73-159.
Colorado Court of Appeals, Div. II.
November 20, 1973.
Rehearing Denied December 11, 1973.
Certiorari Granted February 25, 1974.
*955 J. F. Brauer, Arvada, for petitioner.
Richard G. Fisher, Jr., Fred B. Dudley, Denver, for respondents Lake Eldora Corp. and State Compensation Insurance Fund.
John P. Moore, Atty. Gen., John E. Bush, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondent Industrial Commission of the State of Colorado.
Selected for Official Publication.
PIERCE, Judge.
This is a review of a final order of the Industrial Commission denying the petitioner's claim for benefits under the Colorado Workmen's Compensation Act. After holding two hearings, the referee issued an order finding that the claimant was not entitled to benefits because the injury sustained did not arise out of an accident "in the course of his employment." In a supplemental order, the referee set out in detail his findings of fact and again concluded that claimant was not entitled to benefits. The supplemental order was affirmed by the Industrial Commission, and claimant now seeks review of the final order of the Commission.
The facts in this case are basically undisputed. The claimant objects only to the conclusions drawn from those facts by the referee. The referee found that the claimant was employed as a bartender by the Lake Eldora Corporation at the Lake Eldora Ski Lodge; that, in addition to his wages of $2.25 per hour plus meals while working, claimant received a ski lift ticket pass for $5 for the season which was otherwise worth $110; that the employer used the season ski pass as an incentive to attract employees to its ski area; and that the season pass was a part of the remuneration for claimant's employment. The referee *956 further found that the claimant was injured while skiing for his own recreation and while using the lift ticket pass furnished him by his employer. The referee concluded that:
"[claimant's skiing] did nothing in furtherance of the employer's business. That when the claimant skied there was no benefit derived by the employer. The dollar value of the ski pass was insignificant and the incident of higher morale is, by itself, inadequate to consider this free skiing as an incident of employment. That, therefore, the claimant was not within the scope and course of his employment at the time he was skiing."
The claimant now argues that he was entitled to workmen's compensation benefits because the ski pass was a significant inducement leading to his employment; the ski pass was a significant part of the remuneration received for his work; the pass constituted an overall significant benefit to the employer; and the employment contract contemplated claimant's use of the employer's recreational premises on his free time.
The claimant has cited various authorities for the proposition that recreational or social activities may well fall within the course of employment. He relies on Denver v. Lee, 168 Colo. 208, 450 P.2d 352, in which a workmen's compensation award to a police officer who sustained a back injury while playing on a department basketball team was affirmed. In that case, the court noted that there are "several variables which will determine by their presence or absence whether a particular recreational activity is within the scope of employment." Those variables included:
"Whether the activity occurred during working hours; whether it was on or off the employer's premises; whether participation was required; whether the employer took the initiative in sponsoring or organizing the team . . . . In addition, other factors . . . which indicate whether the employer is sufficiently close to the activity to identify with it and make it incidental to employment."
Among the "other factors" are the following: The extent to which the employer "derives substantial direct benefit from the activity beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life", 1 A. Larson, Workmen's Compensation Law § 22.00 (emphasis added); the extent to which the recreational activity is contemplated by the employment contract, see Comment, Workmen's Compensation-Recreational Injuries, 24 Tenn.L.Rev. 870; the extent to which the availability of the recreational activity represents compensation for the employment, see Winter v. Industrial Accident Commission, 129 Cal.App.2d. 174, 276 P.2d 689; and the extent to which the obligations of employment "create the `zone of special danger' out of which the injury arose," O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.
While we agree with the claimant that several of the above factors are present here, the decision of the Industrial Commission based upon a consideration of these factors should not be disturbed by this court. Even though the evidentiary facts before the Commission were essentially undisputed, the ultimate conclusion to be drawn as to whether or not claimant was within the scope of his employment is not an "issue of law" such that this court may substitute its judgment for that of the Industrial Commission. In Industrial Commission v. Day, 107 Colo. 332, 111 P.2d 1061, the Supreme Court reversed the judgment of a district court which had reversed the Commission's refusal to award benefits in a similar case. In doing so, the Supreme Court stated:
"[T]he inference, upon which the court acted in entering its judgment, is that the court may disagree with the commission on conclusions to be drawn from the evidence. The inference was wrong and the conclusion erroneous."
In the case before us, while we might disagree with the conclusion of the *957 Industrial Commission, it was not unreasonable for it to conclude that the employer was not "sufficiently close to the activity to identify with it and make it incidental to employment." Thus, the order of the Industrial Commission may not be disturbed. Denver v. Lee, supra; O'Leary v. Brown-Pacific-Maxon, Inc., supra.
Claimant has also directed our attention to an arithmetical error made by the refereee in computing the average working wage of the claimant. He suggests that this error is significant in that it minimized the value of the free lift ticket pass as compensation to the employee and that therefore, the referee did not give sufficient weight to this element in the case. However, the extent of the inducement which the free lift ticket pass represented was made clear to the referee in terms of the amount saved by the claimant in taking advantage of the employer's arrangement. Further, since we are affirming a denial of benefits, this calculation error is without significance.
Order is affirmed.
COYTE and SMITH, JJ., concur.