### No. C-476

**Robert R. Dorsch v. Industrial Commission of the State of Colorado and Lake Eldora Corporation, and State Compensation Insurance Fund**

(523 P.2d 458)

Decided June 17, 1974.

J. F. Brauer, for petitioner.

John P. Moore, Attorney General, John E. Bush, Deputy, Peter L. Dye, Assistant, for respondent Industrial Commission of the State of Colorado.

Richard G. Fisher, Fred B. Dudley, for respondents Lake Eldora Corporation and State Compensation Insurance Fund.

MR. JUSTICE DAY delivered the opinion of the Court.

We granted certiorari to review a decision of the Court of Appeals which held that petitioner Dorsch was not entitled to workmen's compensation benefits. That court affirmed an Industrial Commission decision that Dorsch was not acting in the course of his employment when injured. *Dorsch v. Industrial Commission,* 33 Colo. App. 168, 518 P.2d 954 (1973). We reverse.

## I.

The facts of this case are not in dispute. The referee found that Dorsch, the petitioner, was employed as a full time bartender by respondent Lake Eldora Corporation. His

remuneration consisted of an hourly wage of $2.25, free meals while working and a ski pass. The ski pass, which Dorsch was using, and its value as remuneration is the basis for petitioner's claim that he was acting in the course of his employment when injured. It sold to the public for $110 a ski season. As an inducement it was offered to him at the reduced rate of $5. While skiing before going on the afternoon shift, petitioner Dorsch was injured. He then brought the claim for workmen's compensation.

The referee made the following relevant findings regarding the ski pass and the injury: (1) That petitioner was using the ski pass on the employer's premises when injured; (2) that the employer used the season ski pass as an incentive to attract employees to its ski area; (3) that the ski pass was part of the remuneration received by petitioner; (4) that the use of the ski pass was contemplated by the parties. Notwithstanding these findings, however, the referee concluded that "[claimant's skiing] did nothing in furtherance of the employer's business," and that its value as remuneration was insignificant. (The evidence was, however, that it was valued at about five per cent of his wages for the season.) The Commission adopted the referee's conclusion, denied compensation, and petitioner appealed.

The Court of Appeals affirmed, stating that "while we might disagree with the conclusion of the Industrial Commission, it was not unreasonable for it to conclude that the employer was not 'sufficiently close to the activity to identify with it and make it incidental to employment.' " In our view, the Commission's conclusion was in error and not in accord with applicable law, and the affirmance by the Court of Appeals, though reluctant, likewise was erroneous.

II.

Initially, we note that all parties are in agreement that the question of whether Dorsch was acting in the course of his employment when skiing is a matter of law. Thus, this is not a case where the facts are disputed and the Commission's findings are binding on the appellate court. The correctness of a legal conclusion drawn from undisputed facts

are properly a matter for the appellate court. *Industrial Commission v. Day,* 107 Colo. 332, 111 P.2d 1061 (1941).

### III.

The question of whether an employee who is injured while engaging in a job-related recreational activity is within the course of his employment has been before this court previously, but not in the posture of this case. This court held that an employee who was not required to participate in the mining company's baseball team was not acting in the course of his employment when injured. *Industrial Commission v. Murphy,* 102 Colo. 59, 76 P.2d 741 (1938). Since *Murphy,* additional factors have developed in our law. These factors include: (1) whether the activity occurred during working hours; (2) whether it was on the employer's premises; (3) whether participation was required; (4) whether the employer took the initiative in sponsoring the recreational activity. *Denver v. Lee,* 168 Colo. 208, 450 P.2d 352 (1969); *Lindsay v. Public Service Co.,* 146 Colo. 579, 362 P.2d 407 (1961); *Industrial Commission v. Day, supra.*

As a reading of those cases will show, however, this case differs from them in two material respects. First, the principal business of the employer here is recreational entertainment; in the prior cases the recreational activity was an incidental event to the employer's business. Second, and more importantly, none of the prior cases involved, as here, a recreational activity which was contemplated in the original contract of employment. These factors place the case in a different posture.

### IV.

A growing body of law addresses itself to the question of the course of employment in the recreation industry. *See generally* Comment, *Workmen's Compensation — Recreational Injuries,* 24 Tenn. L. Rev. 870. When presented with a situation such as that here — where the employer's principal business is recreation — the weight of authority holds that the following test should be applied to determine whether the injured employee was in the course of employment: (1) the extent to which the employer derives substantial benefit

from the policy — beyond the intangible value of improvement of employee morale; (2) the extent to which the recreational activity represents compensation for employment; (3) the extent to which the obligations of employment create the special danger which precipitates the injury; (4) whether the use of the recreational activity was an inducement for employment; (5) whether the use of the recreational facility was originally contemplated by the parties at the time of employment. *O'Leary v. Brown-Pacific-Maxon, Inc.,* 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); *Winter v. Industrial Accident Commission,* 129 Cal. App. 2d 174, 276 P.2d 689 (1954); *Rausch v. Workmen's Compensation Appeals Board,* 274 Cal. App. 2d 357, 79 Cal. Rptr. 148 (1969); *Bowen v. Saratoga Springs Commission,* 267 App. Div. 928, 46 N.Y.S.2d 822 (1944); 1 *A. Blair, Workmen's Compensation Law* § 22.00.

▮ In the instant case, the referee's findings inescapably lead to the conclusion that Dorsch's claim meets these tests which entitle him to compensation. The referee found, first, that the employer used the ski pass as an incentive to attract employees to the ski area. The benefit, then, to the employer is that he is able to obtain employees for odd-hour and remote area employment. This satisfies the requirements that the recreational activity give the employer a benefit aside from the intangible value of improving employee morale, and further, meets the element that the recreational activity was an inducement for employment. Secondly, the employer was found by the referee to be utilizing the ski pass as a part of the employee's remuneration. Finally, it is clear from the record that the use of the ski pass was contemplated by the parties from the beginning of employment.

Accordingly, we hold that this petitioner was in the course of employment when injured, and remand the case to the Court of Appeals for further remand to the Industrial Commission for determination of liability and applicable compensation.

MR. JUSTICE GROVES dissents.

MR. CHIEF JUSTICE PRINGLE does not participate.