Delmar C. GARRETT, Plaintiff,

v.

Carl MILLER, William Gregory, and Charles Weber, as the duly constituted Board of Commissioners of Lake County, Colorado, Defendants and Third–Party Plaintiffs–Appellants,

v.

CLIMAX MOLYBDENUM CO., a Delaware Corporation, Amax, Inc., a New York Corporation, The Cloud Club, an unincorporated association, Silvia Balltrip, H. J. Schneider, Kirk Doty and Roy McDowell, Third–Party Defendants–Appellees.

No. 79CA1151.

Colorado Court of Appeals, Div. I.

July 3, 1980.

Rehearing Denied Aug. 14, 1980.

Certiorari Denied Nov. 24, 1980.

Watson, Nathan & Bremer, P. C., Howard W. Bremer, Denver, for defendants and third–party plaintiffs–appellants.

Weller, Friedrich, Hickisch & Hazlitt, Thomas H. Barrows, Denver, for third–party defendants–appellees.

COYTE, Judge.

Defendants and third–party plaintiffs, Lake County Commissioners (Commissioners), appeal the judgment of the trial court entering summary judgment in favor of third–party defendants and dismissing the third party complaint. We reverse.

Plaintiff instituted an action against the Commissioners seeking damages for injuries sustained as a result of plaintiff's fall in a building owned by the Commissioners. Commissioners impleaded plaintiff's employers, Climax Molybdenum Co. and Amax, Inc. (Climax); an association of long–term co–employees (Cloud Club); and the directors of that organization (officers), seeking indemnification or contribution.

The following facts are undisputed. Plaintiff, an employee at Climax for more than ten years, automatically became a member of Cloud Club as do all long–term employees. Plaintiff paid $3 annual dues. The Cloud Club holds two or three meetings and a dinner dance each year. The arrangements for those events are made on company time. Attendance at these functions is totally voluntary; plaintiff did not go to any of the meetings.

Plaintiff was injured while attending the dinner dance. The purpose of this event is for the members to eat, drink, dance, and "have a good time." Climax pays for the dinner dance; however, it is held off the employer's premises, and Climax provides no transportation. If the dinner dance is held during working hours, members are excused from work without pay. Each member may bring a guest, but no advertising motive is present.

Plaintiff did not consider membership in the Cloud Club as an inducement to working for Climax. Thus, the only benefit to Climax is the indirect benefit of improved employee morale.

Considering these facts and relying upon *Denver v. Lee*, 168 Colo. 208, 450 P.2d 352 (1969), the trial court entered summary judgment for third–party defendants on the basis that the Colorado Workmen's Compensation Act, § 8–40–101 et seq., C.R.S.

1973 (1979 Cum.Supp.) (the Act) bars the third–party claim. This was error.

## I. CLIMAX

Under the Act, an employer who has brought himself within the terms of the Act is not subject to a third–party indemnification claim such as the third–party claim at issue here. § 8–42–102, C.R.S.1973 (1979 Cum.Supp.). *See Hilzer v. MacDonald*, 169 Colo. 230, 454 P.2d 928 (1969). However, for an employer to be absolved of such liability, the employee's right to compensation under the Act must first exist.

■ Accordingly, as to Climax, the issue on appeal is whether the injury arose out of and in the course of plaintiff's employment. *See* § 8–52–102, C.R.S.1973 (1979 Cum. Supp.) We conclude that it did not.

The general rule is that this determination must be decided with respect to the attendant circumstances. *Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967). The facts presented here are strikingly similar to the facts of *Lindsay v. Public Service Co.*, 146 Colo. 579, 362 P.2d 407 (1961). There, the court upheld the Industrial Commission's denial of workmen's compensation benefits under the following circumstances: an employee was injured during a softball game arranged and managed by an employee association; employees automatically became members of that association although participation was voluntary; although arrangements for the sports program were made during company time, the game was held after hours and off–premises; the employer paid for the sports program; public advertising was not a factor; and the only benefit to the employer was improvement of employee morale and achievement of good will between the employer and employee. There, the Industrial Commission determined that the injury did not "arise out of and in the course of employment"; rather, the sports program was merely a gratuitous contribution to the social life of the employees.

In *Denver v. Lee, supra*, the Supreme Court was upholding the finding of the Industrial Commission that Lee was injured playing softball, which activity was found

to be in the course of his employment. Here, under the rule laid down in *Lindsay, supra*, plaintiff, as a matter of law, was not injured during the course of his employment. Consequently, since plaintiff's injury is not compensable under the Act, the court erred in dismissing the third–party claim against Climax.

## II. CLOUD CLUB AND ITS OFFICERS

In its ruling, the trial court did not distinguish between the third–party defendants; instead, the court dismissed the entire third–party complaint. However, genuine issues of material fact exist concerning the allegations of the third–party complaint as pertaining to Cloud Club and its officers. Thus, the court erred by entering summary against these third–party defendants.

The judgment is reversed and the cause is remanded with directions to reinstate the third–party complaint.

PIERCE and VAN CISE, JJ., concur.