In the Matter of the Claim of Death of Stanley Leroy **WELHAM.**

**FRIEDMAN'S MARKET, INC.** and State Compensation Insurance Fund, Petitioners,

v.

**Elsie Eileen WELHAM** and the Industrial Commission of Colorado, Respondents.

No. 82CA0379.

Colorado Court of Appeals, Div. I.

Oct. 14, 1982.

Lee D. Warkentine, James R. Figg, Stephen Stuart Gerdes of Russell, Warkentine & Figg, Broomfield, for respondent Elsie Eileen Welham.

J.D. MacFarlane, Atty. Gen., Patricia Blizzard, Asst. Atty. Gen., Denver, for respondent Indus. Com'n of Colorado.

William J. Baum, Edward V. Frayle, Richard W. Searles, Denver, for petitioners Friedman's Market, Inc., and State Compensation Ins. Fund.

COYTE, Judge.

In this workers' compensation case, petitioners, Friedman's Market, Inc., (employer) and State Compensation Insurance Fund, seek review of a final order of the Industrial Commission awarding death benefits and burial expenses to claimant, Elsie Welham, in connection with the death of her husband, Stanley Welham (decedent). We affirm.

Decedent managed employer's meat department. Because of a shortage of customer parking in the area, employer and other local businesses did not allow their employees to park in private parking lots adjacent to the stores or on the public streets adjacent to the stores. Indeed, the record indicates that employer (and other businesses) posted a sign stating:

> "The owner and employees of this establishment pledge *not* to use on-street parking spaces. These spaces are reserved for you, our patrons."

As a result of employer's parking policy, decedent and almost all of employer's employees parked in a municipal parking lot located directly across railroad tracks running adjacent to employer's premises.

Prior to his death, decedent suffered from a disease which made it difficult for him to walk and resulted in a total loss of hearing. On November 17, 1979, following his lunch break, decedent parked his car in the subject parking lot, stepped onto the railroad tracks without looking and was struck and killed by a train.

The referee concluded that decedent's death had arisen out of and in the course of his employment, *see* § 8–52–102(1)(c), C.R.S.1973 (1981 Cum.Supp.), because there was a causal connection between decedent's death and his employment. That causal

connection was that the normal and convenient route taken by employer's employees, including decedent, to reach employer's premises exposed them to a special hazard not shared by the general public, *i.e.* the railroad tracks. Accordingly, the referee awarded benefits. The Industrial Commission made ultimate findings and conclusions consistent with the referee's order, and affirmed.

■ On review, petitioners contend that the Commission erred in finding that decedent's death arose out of and in the course of his employment. They correctly assert that, in the absence of special circumstances, injuries occurring off the employer's premises while the employee is going to or coming from work are not compensable. *See Berry's Coffee Shop, Inc. v. Palomba,* 161 Colo. 369, 423 P.2d 2 (1967). They further assert that special circumstances are absent here. We disagree.

■ Compensation is proper if "special circumstances surrounding the employee's injury reflect a causal connection between the conditions under which the work is to be performed and the resulting off-premises injury." *Woodruff World Travel, Inc. v. Industrial Commission,* 38 Colo.App. 92, 554 P.2d 705 (1976). Here, employer did not own or control the subject parking lot, *cf. State Compensation Insurance Fund v. Walter,* 143 Colo. 549, 354 P.2d 591 (1960), nor did parking in the lot constitute a fringe benefit to employees, *cf. Woodruff World Travel, Inc. v. Industrial Commission, supra.* Nevertheless, the existence of a causal connection between the circumstances surrounding decedent's death and his employment is supported by employer's parking policy.

The referee found that, as a result of employer's policy, employees were limited to parking in municipal lots which were located either up a hill from employer's premises or on the other side of the railroad tracks. The referee further found that while employer's employees were not required to use the subject parking lot exclusively, the lot was the most convenient lot for access to employer's premises and em-

ployer's employees "had frequently been directed to [the subject parking lot] when instructed not to park near the store." And, when decedent attempted to park closer to employer's premises as a result of his declining health, he was reprimanded by employer's owner. Hence, the referee's findings, which are supported by the evidence, support the conclusion that the requisite causal connection exists.

■ Moreover, an additional factor supports the causal connection. While an employee's unfettered choice of parking might render parking a purely personal act, here the employer purposely intervened in the parking process and received a benefit from employees' compliance, either voluntary or enforced, with employer's parking policy. Accordingly, decedent's act of parking in the subject parking lot and proceeding across the railroad tracks to employer's premises cannot be regarded as purely personal and wholly unrelated to his employment. *See Berry's Coffee Shop, Inc. v. Palomba, supra; Deterts v. Times Publishing Co.,* 38 Colo.App. 48, 552 P.2d 1033 (1976); and *Walsh v. Industrial Commission,* 34 Colo. 371, 527 P.2d 1180 (1974).

■ Finally, the causal connection is supported by the fact that the railroad tracks constitute a special hazard. Where an off-premises injury occurs at a point which lies on the only route, or at least on the normal route, which employees must traverse to reach their employer's premises, special hazards of that route become hazards of the employment. *See* 1 A. Larson, *Workmen's Compensation Law* § 15.13. And, railroad crossings and rights-of-way are typically recognized as a special hazard. *See Larson, supra,* § 15.13 at 4–22. Here, the referee found that almost all of employer's employees, including the owner, used the subject parking lot. Furthermore, while there were other lots available, the subject lot was clearly the most convenient for employer's employees, and particularly for decedent because of his physical disabilities. The referee also found that there was no location where it was safer to cross the

tracks than other locations. Finally, the referee (and the Commission) found that the hazard of the railroad tracks was not shared equally by the general public because the public did not need to park across the railroad tracks as a result of employer's parking policy. Under the circumstances, the referee and the Commission did not err in finding that the special hazard exception to the going to and coming from rule was applicable. *See Larson, supra,* at § 15.13; *Goff v. Farmers Union Accounting Service, Inc.,* 308 Minn. 440, 241 N.W.2d 315 (1976); *Daley v. Edwards Engineering Corp.,* 107 N.J.Super. 183, 257 A.2d 730, *aff'd,* 54 N.J. 524, 257 A.2d 697 (1969).

Accordingly, the award of death benefits to claimant was proper.

Order affirmed.

PIERCE and KELLY, JJ., concur.