**AGS MACHINE COMPANY, INC., Employer, and State Compensation Insurance Fund, Insurer, Petitioners,**

v.

**INDUSTRIAL COMMISSION OF COLORADO, and Kirk Gifford, Respondents.**

**No. 83CA0312.**

Colorado Court of Appeals, Div. III.

Sept. 15, 1983.

Pamela L. Musgrave, William J. Baum, Denver, for petitioners.

George T. Ashen, P.C., James E. Freemyer, M. Paula Ashen, Denver, for respondents.

STERNBERG, Judge.

The employer, AGS Machine Company, and State Compensation Insurance Fund, petition for review of a final order of the Industrial Commission which found that the claimant, Kirk D. Gifford, suffered an injury arising out of and in the course of his employment and awarded him temporary total disability benefits. We affirm.

The orders of the referee and Commission disclose the following pertinent facts. Gifford was employed as a machinist by AGS and injured his ankle while playing basketball during a work break. AGS had installed a basketball hoop and provided a basketball court on its premises for the enjoyment of the owners and employees during breaks and lunchtime. Games held during work breaks often ran over into working hours with the knowledge and consent of the owners. Games during work breaks were accompanied by basketball drill exercises. The owners participated in the games and AGS provided uniforms. In addition, AGS sponsored an employee team in a night league, although Gifford did not participate in the league.

Based on Gifford's testimony, the referee found that he was encouraged strongly, and felt it mandatory, to participate in basketball drills and games on the premises. The referee further found that AGS benefited from such games not only from a morale standpoint, but also from the prestige attendant to having a more competitive team in the league. Based on these facts the referee held that Gifford had suffered a compensable injury, and the Commission affirmed.

Initially, we reject the petitioners' argument that Gifford's testimony that he felt pressured to play basketball should be disregarded as being self-serving and not credible. It is the Commission's province to judge the credibility of witnesses and to draw inferences and conclusions from the evidence. *Levy v. Everson Plumbing Co.,* 171 Colo. 468, 468 P.2d 34 (1970).

The petitioners contend that § 8–41–106(2), C.R.S.1973 (1982 Cum.Supp.), which was enacted in 1977, subsequent to the development of case law governing work-related recreational injuries, precludes recovery here. We disagree.

That statute provides:

" 'Employee' excludes any person employed by a passenger tramway operator ... or other employer, while participating in recreational activity on his own initiative, who at such time is relieved of and is not performing any prescribed duties, regardless of whether he is utilizing, by discount or otherwise, a pass, ticket, license, permit, or other device as an emolument of his employment."

We agree with the Commission's conclusion that the facts of this case did not justify application of the exclusion. The Commission's findings support the conclusion that Gifford was not participating in recreational activity *on his own initiative.*

The petitioners also contend that the finding of compensability was erroneous under governing case law. We disagree.

818

The test for determining whether an injury suffered during a recreational activity arises out of and in the course of employment is set forth in *City & County of Denver v. Lee,* 168 Colo. 208, 450 P.2d 352 (1969):

"Whether the activity occurred during working hours; whether it was on or off the employer's premises; whether participation was required; whether the employer took the initiative in sponsoring or organizing the team; whether the employer made contributions to the team; and whether the employer derived benefit from the team.... In addition, other factors may be present which indicate whether the employer is sufficiently close to the activity to identify with it and make it incidental to employment."

The facts noted above support the Commission's conclusion that Gifford's injury arose out of and in the course of his employment. *See City & County of Denver v. Lee, supra. Cf. Dynalectron Corp. v. Industrial Commission,* 660 P.2d 915 (Colo.App. 1982) (injuries to employee leaving off-premises dinner meeting held compensable; employee was under implied compulsion to attend and "compulsion need not take form of direct order if employee is made to understand that he is to take part in the activity").

*Lindsay v. Public Service Co.,* 146 Colo. 579, 362 P.2d 407 (1961) and *Garrett v. Miller,* 44 Colo.App. 440, 619 P.2d 780 (1980), relied on by petitioners, are factually distinguishable.

Order affirmed.

TURSI and BABCOCK, JJ., concur.