Ronald **PERRY**, Petitioner,

v.

**CRAWFORD & COMPANY, Aetna Casualty & Surety Company, Industrial Commission of the State of Colorado, and Director, Department of Labor and Employment, Division of Labor, State of Colorado, Respondents.**

No. 83CA0214.

Colorado Court of Appeals, Div. II.

Oct. 13, 1983.

Certiorari Denied Feb. 6, 1984.

Greengard, Blackman & Senter, Lawrence D. Blackman, Scott R. Cook, Denver, for petitioner.

Long & Jaudon, P.C., Frederick W. Long, Denver, for respondents.

VAN CISE, Judge.

Claimant, Ronald G. Perry, seeks review of a final order of the Industrial Commission denying his claim for workmen's compensation benefits. We affirm.

The pertinent facts are undisputed. Claimant was employed as an accounts manager by Crawford and Company and worked in the Inverness Park industrial park. His normal work hours were from 8 a.m. to 5 p.m., and he was paid for forty hours of work a week. He was free to do what he wanted at lunchtime. There was no place in his office building to purchase lunch, so he had the options of bringing lunch, going out to eat, or not eating. He was furnished a company car and was allowed to, and did, use it when he went out to lunch alone or with clients. However, because he participated in a car-pooling arrangement with other people in the industrial park he drove only every fourth week.

On December 30, 1980, the date of his injury, claimant had not driven or brought his lunch so he walked to the nearest restaurant (about 300 yards away) for lunch. According to claimant there was only one other restaurant within walking distance. As he was returning from lunch, he was walking along the grass at the edge of Inverness Drive. The lawn sprinkler system which was adjacent to the road was on and the wind was blowing. To avoid getting wet, he jumped onto the side of the pavement intending to sprint through the wind-blown water. As he did so, an oncoming vehicle skidded and struck him.

Based on the above facts, the referee concluded that the totality of the circumstances established a sufficient nexus between claimant's employment and his injury to find that the injury occurred within the course of that employment. The referee awarded temporary total disability benefits and medical expenses, and held the issue of permanent partial disability benefits in abeyance.

The Commission reversed, finding that the referee's ultimate conclusion that there was a sufficient nexus between claimant's employment and his injury was erroneous. See § 8-53-106(2)(b), C.R.S.1973 (1982 Cum.Supp.). The Commission found that claimant was performing no work-related activities during lunch on the date of his injury; that the fact that he had a company car but was not using it on the date of injury because of a car-pooling arrangement was irrelevant to resolution of the claim because participation in the car-pooling arrangement was claimant's choice, being neither encouraged nor discouraged by the employer; and that claimant's selection of a place for lunch, and the method of going to and from that place, was totally claimant's choice.

The Commission distinguished *City & County of Denver School District No. 1 v. Industrial Commission*, 196 Colo. 131, 581 P.2d 1162 (1978), wherein claimants, who were required to return to school for a teachers' meeting and who did not have their normal option of eating lunch at the school cafeteria, were injured while driving to a restaurant for lunch. Here, the Commission concluded that claimant had suffered an off-premises injury, while going to and from work, and that a sufficient nexus between claimant's employment and his injury was lacking. Accordingly, the Commission denied the claim for benefits.

On review, claimant contends that the Commission erred in concluding that a sufficient nexus was lacking. We disagree.

This case does not involve an on-premises lunchtime injury, which generally comes within the scope of employment. *See Industrial Commission v. Golden Cycle Corp.*, 126 Colo. 68, 246 P.2d 902 (1952);

*Employers' Mutual Insurance Co. v. Industrial Commission*, 76 Colo. 84, 230 P. 394 (1924). *See generally* 1 *A. Larson, Workmen's Compensation Law* §§ 15.51, 21.21(a). Rather, off-premises lunchtime travel generally falls within the to and from work rule and is not compensable. *See* 1 *A. Larson, Workmen's Compensation Law*, § 15.51. For an injury occurring during such travel to fall within the scope of employment, there must be a sufficient nexus between the employment and the injury, *i.e.*, there must be special circumstances reflecting a causal connection between the employment and the injury. *See City & County of Denver School District No. 1 v. Industrial Commission, supra; Friedman's Market, Inc. v. Welham*, 653 P.2d 760 (Colo.App.1982). *Cf. Berry's Coffee Shop, Inc. v. Palomba*, 161 Colo. 369, 423 P.2d 2 (1967); *Dynalectron Corp. v. Industrial Commission*, 660 P.2d 915 (Colo.App.1982).

■ We agree with the Commission that, when the totality of the circumstances is considered, *see City & County of Denver School District No. 1 v. Industrial Commission, supra*, a sufficient nexus was not present here. The record demonstrates that the employer did not insert itself into the lunchtime activities of claimant other than by not providing eating facilities. *Cf. City & County of Denver School District No. 1 v. Industrial Commission, supra; Dynalectron Corp. v. Industrial Commission, supra* (employer compelled claimant to attend off-premises dinner meeting; injury on way home from meeting held compensable). And, we do not view the absence of such facilities as constituting a sufficient nexus or special circumstance bringing the off-premises lunch within the course of employment.

"Even if there were inadequate lunch facilities, the injury did not have its origin in circumstances created by the employer for the purpose of furthering his interests any more than if the injury had occurred on the way to or from work." *Waycott v. Beneficial Corp.*, 400 A.2d 392 (Me.1979).

The record also demonstrates that the employer received no direct benefit from claimant's lunchtime activities. *Cf. J.C. Carlile Corp. v. Antaki*, 162 Colo. 376, 426 P.2d 549 (1967); *Dynalectron Corp. v. Industrial Commission, supra; Friedman's Market, Inc. v. Welham, supra; Garrett v. Miller*, 44 Colo.App. 440, 619 P.2d 780 (1980). There is nothing in the facts of the instant case which would distinguish claimant from the multitude of other employees who daily leave their offices in search of lunch and which would bring him within an exception to the to and from rule.

Claimant also contends that because the accident took place on the only route an employee on foot could take to and from the office to the nearest luncheon location, his claims fall within the special hazard exception as exemplified in *Friedman's Market, Inc. v. Welham, supra*. We find no merit to this contention.

■ The special hazard exception provides:

"Where an off-premises injury occurs at a point which lies on the *only* route, or at least on the *normal* route, which *employees must* traverse to reach their employer's premises, *special* hazards of that route become hazards of the employment." *Friedman's Market, Inc. v. Welham, supra* (emphasis added)

The exception applies to an access route used exclusively, or almost exclusively, by an employer's employees to reach the employer's premises. Underlying the exception is the requirement that exposure to the route and the hazard is not shared to too great an extent by the general public. *See Friedman's Market, Inc. v. Welham, supra;* 1. *A. Larson, supra*, § 15.13. Here, even if Inverness Drive constituted a *special* hazard, *cf.* 1 *A. Larson, supra*, § 15.13 at 4–22 to 4–29, the other elements of the special hazard exception were not present. *Cf. Friedman's Market, Inc. v. Welham, supra*.

Order affirmed.

SMITH and KELLY, JJ., concur.