**Lance Alan WILSON, Petitioner,**

v.

**SCIENTIFIC SOFTWARE–INTERCOMP; Pacific Indemnity Company, and the Industrial Commission of the State of Colorado, Respondents.**

No. 86CA0054.

Colorado Court of Appeals, Div. I.

Feb. 5, 1987.

Rehearing Denied March 12, 1987.

Certiorari Denied (Wilson) June 8, 1987.

Skaalerud & Price, L. Crosby Skaalerud, Gregory J. Lawler, Denver, for petitioner.

Blackman & Levine, Lawrence D. Blackman, Denver, for respondents Scientific Software-Intercomp and Pacific Indemnity Co.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael J. Steiner, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

KELLY, Judge.

Claimant, Lance Alan Wilson, seeks review of a final order of the Industrial Commission which determined that his injury did not arise out of and in the course of his employment. We affirm.

Claimant was employed as an accounting clerk for Scientific Software-Intercomp when he was injured on a ski trip. Scientific had circulated a memo to approximately 150 employees inviting them and their guests to participate in the trip. Scientific provided a bus and refreshments. The participants were required to provide their own equipment and lift tickets and to pay other expenses, except that Scientific held a lottery for two free lift tickets. Claimant did not win the lottery.

Twelve employees and six guests participated in the trip. The trip was held on a Saturday, a non-work day, and the employees received no remuneration or compensatory time. Participation in the trip was voluntary, and claimant testified that he did not feel pressured or compelled to attend.

While on the bus, claimant conversed with a company manager concerning a new computer system which was to be implemented. Both employees were opposed to the system and discussed their thoughts. Claimant's job would essentially remain the same when the new system was installed, and he was not included in the decision-making. However, he was interested in the subject and shared his thoughts voluntarily.

Upon arriving at the ski area, the participants dispersed and skied individually or with their guests. It was later learned that claimant had been injured. However, none of the participants witnessed the accident, and claimant could not recall how the accident occurred.

The Industrial Commission determined that the only benefit to Scientific from the ski trip was the improvement of employee morale and that claimant's participation was strictly voluntary. Hence, it concluded the accident did not arise out of and in the course of claimant's employment. On review, claimant asserts this conclusion is unsupported by applicable case law. We disagree.

The question whether an injury arises out of and in the course of employment must be decided with respect to the attendant circumstances. *Garrett v. Miller*, 44 Colo.App. 440, 619 P.2d 780 (1980). If participation in a recreational event is voluntary, the event is held during non-work hours and off the employer's premises, and the only benefit to the employer is improvement of employee morale or achievement of good will between employer and employee, an injury suffered during the event is not compensable. *Garrett v. Miller, supra.* This is so even though, as here, the event was planned or arranged during company time and the employer paid for all or a part of the event. *Garrett v. Miller, supra.*

We are not persuaded by claimant's argument that the injury is compensable because Scientific received a pecuniary benefit from the ski trip in the form of an income tax deduction. While the parties stipulated that a deduction was indeed taken, there is no evidence that the amount of the deduction resulted in a net gain equal to or in excess of the amount spent for the trip. Thus, we cannot conclude that Scientific derived a substantial benefit. *See Dorsch v. Industrial Commission*, 185 Colo. 219, 523 P.2d 458 (1974) (decided prior to enactment of § 8–41–106(2), C.R.S. (1986 Repl.Vol. 3B)).

Neither does the fact that claimant discussed the computer system on the bus make the accident compensable. Here, unlike the situation in *Dynalectron Corp. v. Industrial Commission*, 660 P.2d 915 (Colo.App.1982), claimant's discussions were motivated by his personal interest, and there is no evidence that a benefit inured to Scientific because of that discussion.

Further, claimant was not importuned to participate in the ski trip; thus, it cannot reasonably be inferred that participation was explicitly or implicitly required. *Cf. AGS Machine Co. v. Industrial Commission*, 670 P.2d 816 (Colo.App.1983). Rather, claimant's participation was on his own initiative, and thus, § 8–41–106(2),

C.R.S. (1986 Repl.Vol. 3B) applies. That statute states:

" 'Employee' excludes any person ... participating in recreational activity on his own initiative, who at such time is relieved of and is not performing any prescribed duties, regardless of whether he is utilizing, by discount or otherwise, a pass, ticket, license, permit, or other device as an emolument of his employment."

Claimant's argument that this statute is applicable only to employers engaged in businesses associated with recreation is without merit.

We also reject claimant's argument that the rule of liberal construction of the Workmen's Compensation Act obliges this court to resolve any reasonable doubt in his favor. This proposition was specifically rejected in *City of Boulder v. Streeb*, 706 P.2d 786 (Colo.1985).

The order is affirmed.

PIERCE and METZGER, JJ., concur.