Shane DUNAVIN, Petitioner,

v.

MONARCH RECREATION CORPORA-
TION, Colorado Compensation Insur-
ance Authority, The Industrial Claim
Appeals Office of the State of Colorado,
and The Director of the Department of
Labor and Employment of the Division
of Labor, State of Colorado, Respon-
dents.

No. 90CA559.

Colorado Court of Appeals,
Div. III.

May 9, 1991.

Norton Frickey & Associates of Colorado
Springs, P.C., Cameron Curry, Colorado
Springs, for petitioner.

Colorado Compensation Ins. Authority,
Paul Tochtrop, Denver, for respondents
Monarch Recreation Corp. and Colorado
Compensation Ins. Authority.

Duane Woodard, Atty. Gen., Charles B.
Howe, Chief Deputy Atty. Gen., Richard H.
Forman, Sol. Gen., Jeanne Labuda, Asst.
Atty. Gen., Denver, for respondents Indus-
trial Claim Appeals Office and Director of
the Dept. of Labor and Employment.

Opinion by Judge REED.

Shane Dunavin, claimant, seeks review
of the order of the Industrial Claim Ap-
peals Office (Panel) which affirmed the
findings of the Administrative Law Judge
(ALJ) that claimant's injury was not sus-
tained in the course and scope of his em-
ployment, and which denied workers' com-
pensation benefits. We affirm.

Claimant was employed as a ski instruc-
tor for the respondent, Monarch Recreation
Corporation, for which he was entitled to
be compensated, at an hourly rate, for the
time actually spent giving ski lessons. Un-
der the terms of his employment, it was
necessary that he punch in on a time clock
before going on duty. Similarly, once his
teaching duties were concluded, he was
required to punch out on the time clock.
As an emolument of the job, he was issued
a discount lift pass which he could use
either for his own recreational skiing, when
he was not on duty, or during the time that
he was giving lessons.

720

On the morning of his injury, claimant, attired in his work uniform, arrived at the ski area and first attended, for a brief period, a ski clinic at which he received instructions concerning his job. After the clinic ended, there remained a period of at least one and one-half hours before he was scheduled to punch in on the time clock and then give his first lesson of the day.

Because he was free to engage in his own pursuits during that interval, he and two of his friends went skiing. While so engaged, he fell and broke his arm, for which he sought workers' compensation benefits. The accident occurred approximately 15 minutes before his first lesson was scheduled.

The ALJ found that, when claimant was injured, he was participating in a recreational activity on his own initiative from which the employer derived no benefit. The ALJ also found that claimant was not performing any duties for his employer at the time of the injury. Applying § 8–41–106(2), C.R.S. (1986 Repl.Vol. 3B), the ALJ concluded that claimant's injury did not occur in the course and scope of employment and, therefore, was not compensable. The Panel affirmed the ALJ's order.

The sole issue on review is whether the Panel erred in affirming the ALJ's order determining that claimant's injury did not occur in the course and scope of employment. Claimant argues that application of § 8–41–106(2) does not preclude his recovery of benefits, and that his injury is compensable under the "dual purpose" doctrine. We disagree.

■ Section 8–41–106(2), in effect at the time of the injury, cf. § 8–40–301(1), C.R.S. (1990 Cum.Supp.), provided that the term:

"'employee' excludes any person ... participating in recreational activity on his own initiative, who at such time is relieved of and is not performing any prescribed duties, regardless of whether he is utilizing, by discount or otherwise, a pass ... as an emolument of his employment."

■ Under this statute, an employee who partakes of employer-sponsored recreation, not of his own initiative, but because of pressure exerted by the employer, is entitled to compensation benefits for injuries occurring during the activity. See AGS Machine Co. v. Industrial Commission, 670 P.2d 816 (Colo.App.1983) (employee playing basketball on break compensated for injury because he felt that such participation was mandatory).

■ On the other hand, an employee who engages in a recreational activity voluntarily and upon his own initiative, without benefit to or importuning by the employer, or in fulfillment of any job duties, is not entitled to compensation. See Wilson v. Scientific Software–Intercomp, 738 P.2d 400 (Colo.App.1987) (employee injured on employer-sponsored ski trip on non-work day not compensated for injury because participation was not explicitly or implicitly required).

Here, there is substantial evidence in the record to support the ALJ's findings that claimant's injury was sustained in the course of recreational activity on the claimant's own initiative, that claimant was not performing any work-related duties, and that claimant's activities did not benefit the employer. Under these circumstances, the ALJ properly concluded that § 8–41–106(2) precluded an award of benefits.

Claimant's reliance on Dorsch v. Industrial Commission, 185 Colo. 219, 523 P.2d 458 (1974) is misplaced because it was decided before the enactment of § 8–41–106(2). Claimant's contention that his personal skiing activity constituted an act for the mutual benefit of him and his employer (within the "dual purpose" doctrine) is without merit. Here, the ALJ found, with record support, that the employer received no benefit when claimant was skiing on his free time. See Deterts v. Times Publishing Co., 38 Colo.App. 48, 552 P.2d 1033 (1976). We further find no compelling evidence that claimant's presence upon the premises was required except dur-

ing the times that he was giving ski instructions.

Order affirmed.

MARQUEZ and ENOCH,* JJ., concur.